HOLMES, Judge.
This is a divorce case.
The Circuit Court of Houston County, pursuant to § 30-2-55, Code of Ala.1975, terminated the wife’s alimony as of the date of filing of the husband’s petition for modification. The husband appeals, contending that the alimony should have been terminated as of the date of the wife’s remarriage.
In view of the facts, as indicated below, we find that the trial court did not err to reversal and affirm.
The record reveals the following:
The parties were divorced in January of 1976. An agreement was incorporated into the divorce decree which, among other things, provided that the husband pay the wife $185 per week as “alimony and child support.”
In May of 1978 the wife remarried. The following month the husband reduced his payments to $250 per month without agreement of the wife or court approval. In October of 1978 the husband filed a modification petition seeking to reduce the amount of child support and to terminate alimony. The wife answered and counterclaimed seeking a judgment for the difference between the $185 per week the husband had been ordered to pay and the lesser sum he had actually paid since June, 1978, until the date of the hearing.
The trial court held an ore tenus hearing. From evidence adduced at the hearing the trial court determined what amount of the $185 per week support was attributed to alimony and what amount was attributed to child support.
Additionally, the trial court, pursuant to § 30-2-55, relieved the husband from any further obligation to pay alimony as of the date of filing of the petition to modify. The trial court also rendered a judgment in favor of the wife for the amount of accrued and unpaid alimony due up to the date of filing of the petition and the amount of accrued and unpaid child support due at the date of the hearing.
Through able counsel, the husband contends that the remarriage of his ex-wife absolutely terminates her right to future alimony as of the date of her remarriage. Put another way, the husband argues that the trial court erred in refusing to credit against the amount of accrued child support owed, the alimony paid back to the date of the remarriage of his ex-wife. In this instance we do not agree.
Section 30-2-55, Code of Ala.1975 (1978 Cumulative Supplement), is as follows:
Any decree of divorce providing for periodic payments of alimony shall be modified by the court to provide for the termination of such alimony upon petition of a party to the decree and proof that the spouse receiving such alimony has remarried or that such spouse is living openly or cohabiting with a member of the opposite sex.
*597 In this instance, the trial court had to first make a determination of what amount of the support award was alimony and what amount was child support. Such a determination was essential in order for the court to terminate the alimony. That is, until there was a determination by the trial court of an allocation of a portion of the award to alimony and a portion to child support, there could logically be no termination of alimony.
Once the trial court determined the amount of alimony, it had the duty, under § 30-2-55, to terminate such alimony upon petition of the husband and proof of remarriage. This the trial court did.
The statute contemplates the termination of alimony. Under circumstances where the support being paid to the wife does not differentiate between alimony and child support, the statute cannot become operative until alimony is fixed as a sum certain.
In this instance, the husband urges us to hold that termination of the alimony relates back to the date of remarriage. However, it was only until the trial court determined what portion of the award being paid was alimony that there was any point in time from which the alimony could terminate.
In Board of Dental Examiners v. King, Ala.Civ.App., 364 So.2d 311 (1977), we stated that in construing and applying a statute, the essential object to be determined is the valid legislative intent. Further, in reaching such a determination a court must consider the subject on which the law operates, its language and purpose.
In this instance, to relate back the termination of alimony to the date of remarriage would be contrary to the expressed intent of § 30-2-55 and its purpose in that until alimony is fixed as a sum certain there is no amount that can be terminated. Therefore, the trial court was correct in terminating future alimony to the wife from the date of the filing of the petition for modification.
In addition to the above, the husband contends that the trial court erred in awarding the wife’s attorney a reasonable attorney’s fee. We do not agree.
Certain aspects of the petition before the trial court clearly involved modification proceedings. Therefore, in this instance, the trial court had discretion to award an attorney’s fee to the wife’s attorney. Jernigan v. Jernigan, Ala.Civ.App., 335 So.2d 178 (1976). Thus, the award of a reasonable attorney’s fee was not error.
The wife requests an award of an attorney’s fee for defending this appeal. Due to the relative financial conditions of the parties, such request is denied.
This case is due to be affirmed.
AFFIRMED.
WRIGHT, P. J., and BRADLEY, J., concur.