HOLMES, Judge.
This is an appeal by the wife from the Circuit Court of Jefferson County’s denial of a petition to modify a final decree of divorce.
On October 20, 1978, the husband and wife were divorced. Before the divorce was granted, the parties reached an agreement concerning the disposition of their real and personal property. That agreement was incorporated into the final decree.
The agreement provided, inter aha, that the wife would have exclusive use and occupancy of the marital home and that the husband would pay the monthly house note, provide the wife with health insurance, pay the wife $2,400 lump sum alimony over a period of twenty-four months and discharge certain debts the parties incurred during their marriage.
On October 9, 1979, the wife filed a petition to modify the final decree on grounds of changed circumstances. She alleged that she had been declared legally blind since the rendition of the divorce decree and, because she was unable to support herself, she was in need of additional periodic alimony. In response, the husband contended that the decree embodied an integrated bargain agreement which could not be modified without his consent and no material change of circumstances.
In relation to the integrated bargain agreement, we note the following:
The well-established rule on appeal is that the trial court’s judgment will be presumed correct where it heard the evidence orally and this court will not set it aside except for plain and palpable error. Parrish v. Parrish, Ala.Civ.App., 365 So.2d 1237 (1979).
In an integrated bargain agreement, the parties have established the amount of alimony to be paid for support and maintenance by taking into account the property settlement features of the agreement. Such an agreement provides for both support and division of property, but the entire provision for one spouse is in consideration for the entire provision for the other, so that the support and property terms are inseparable. DuValle v. DuValle, Ala.Civ.App., 348 So.2d 1067 (1977). To characterize an agreement, the court must look to the intent of the parties. DuValle, supra.
In the case at hand, the trial judge not only had the agreement before him, but he also had the parties testify before him. We note that consideration of the majority of the factors listed in DuValle, supra, supports the conclusion that the parties in this *1198 case intended the payments to be a property settlement and that the agreement is an integrated one.
Nevertheless, even if the trial court had determined that the agreement was not an integrated one, which he could have done, the petition for modification denial by the trial judge is still supported by the evidence.
A change in condition of one or both of the parties must be proven to justify modification. Block v. Block, 281 Ala. 214, 201 So.2d 51 (1967). It is well established that a divorce decree is final as to conditions existing at the time of the divorce, since the trial judge is presumed to have considered them before rendering the decree. Whitt v. Whitt, 276 Ala. 685, 166 So.2d 413 (1964); Colton v. Colton, 252 Ala. 442, 41 So.2d 398 (1949).
The wife in this case bases her request for modification on her failing vision. She contends that since the rendition of the divorce decree she has been declared legally blind by a physician. There is, however, evidence before the trial court which shows that she has had poor vision for years and that her vision at present is no worse than it . was at the time of the divorce. As a consequence, the wife has failed to show a change of conditions.
For the reasons discussed above, this case is due to be affirmed.
AFFIRMED.
WRIGHT, P. J., and BRADLEY, J., concur.