The pivotal question in this case is: Do periodic alimony payments, which are separate from child support payments, terminate as of the date of the admitted or uncontested remarriage of the former spouse to whom such alimony is paid?
The 1973 judgment which divorced the parties was approved and incorporated therein their agreement whereby the husband, Mr. Tillis, was to pay monthly child support of $500 and periodic alimony of $300 per month to the wife, who subsequently remarried and is now Mrs. Smith. When she remarried, the periodic alimony payments of Mr. Tillis were current, but he ceased making such payments at that time and has made no alimony payment since.
Mrs. Smith filed her petition to place Mr. Tillis in contempt of court, among other things, for an arrearage totaling $13,200 in periodic alimony payments. Mr. Tillis later filed a petition to terminate such alimony as of the date of Mrs. Smith's remarriage. After an evidentiary hearing, by means of a learned six-page judgment the trial court, in effect, denied enforcement of Mrs. Smith's petition, and, by separate order, granted the relief sought by Mr. Tillis. Mrs. Smith now appeals.
The statute in controversy appears in the pocket parts to the Code of Alabama (1975) as § 30-2-55 as follows:
 Any decree of divorce providing for periodic payments of alimony shall be modified by the court to provide for the termination of such alimony upon petition of a party to the decree and proof that the spouse receiving such alimony has remarried or that such spouse is living openly or cohabiting with a member of the opposite sex. This provision shall be applicable to any person granted a decree of divorce either prior to April 28, 1978, or thereafter; provided, however, that no payments or alimony already received shall have to be reimbursed.
The first sentence of that act was enacted in 1978 and the last sentence was added by an amendatory act in 1979. At the November 1980 general election, the people *Page 939 
adopted an amendment to Alabama's constitution, which provided that the legislature "may pass laws to provide for the termination of alimony upon the remarriage of the spouse receiving the alimony. . . . Such laws may be made to apply retrospectively." Act 81-155 of the 1981 legislature merely reenacted in toto § 30-2-55 as above copied.
Mrs. Smith's brief in this court states, "[I]t is clear that this statute applies to the case at bar." Mr. Tillis concurs in that conclusion. Their disagreement is as to when her periodic alimony should terminate — as of the date of her remarriage or on the date of the belated filing of his petition to terminate alimony.
Hearn v. Hearn, 379 So.2d 595 (Ala.Civ.App. 1979), cert.denied, 379 So.2d 597 (Ala. 1980) is our only appellate decision touching upon the point in question. There the circuit court terminated the wife's periodic alimony as of the date of the filing of the husband's alimony termination petition, and that judgment was affirmed on appeal. Factually, however, the cases are greatly distinguishable. There, the husband was required to pay a lump sum of $185 per week as "alimony and child support," and a court hearing and judgment were essential to ascertain the amount of the $185 which was attributable to alimony and what amount thereof should be allocated to child support. Here the two items of alimony and child support were separated by the terms of the approved agreement of the parties and the award of periodic alimony was already distinct from child support payments. In Hearn it was stated:
 In this instance, the trial court had to first make a determination of what amount of the support award was alimony and what amount was child support. Such a determination was essential in order for the court to terminate the alimony. That is, until there was a determination by the trial court of an allocation of a portion of the award to alimony and a portion to child support, there could logically be no termination of alimony.
 Once the trial court determined the amount of alimony, it had the duty, under § 30-2-55, to terminate such alimony upon petition of the husband and proof of remarriage. This the trial court did.
 The statute contemplates the termination of alimony. Under circumstances where the support being paid to the wife does not differentiate between alimony and child support, the statute cannot become operative until alimony is fixed as a sum certain.
 In this instance, the husband urges us to hold that termination of the alimony relates back to the date of remarriage. However, it was only until the trial court determined what portion of the award being paid was alimony that there was any point in time from which the alimony could terminate. . . .
 In this instance, to relate back the termination of alimony to the date of remarriage would be contrary to the expressed intent of § 30-2-55 and its purpose in that until alimony is fixed as a sum certain there is no amount that can be terminated. Therefore, the trial court was correct in terminating future alimony to the wife from the date of the filing of the petition for modification. (Emphasis supplied.)
In this case the monthly periodic payment of alimony was fixed and ascertained from the date of the 1973 judgment. Monthly alimony was established at $300 and child support at $500. The trial court had no allocation nor determination to make in that regard. Therefore, the reason stated in Hearn for delaying the alimony termination to the date of the filing of a termination petition does not exist in the present case. Further, the language of Hearn strongly indicated that if the alimony provision had initially been separate from the child support award, a different result would have there occurred and the periodic alimony would have terminated upon the former wife's remarriage.
Mrs. Smith readily testified to her remarriage. That fact was not contested by her, but she contends that she is entitled to *Page 940 
recover at least $13,200 from her former husband for periodic alimony, all of which accrued after the date of her present marriage to Mr. Smith. Such is unconscionable. It is very inequitable. It is contra to the intent of the legislature in enacting, amending and reenacting the statute. It is against the apparent public policy of this state as evidenced by the quoted constitutional amendment. The legislature and the people have spoken and have given their opinion that a receiving spouse's right to collect periodic alimony should cease upon that person's remarriage to a third party.
Under Mrs. Smith's contention, she would not be entitled to collect any periodic alimony if Mr. Tillis had promptly filed a termination petition. He should not be penalized over $13,000 for his lack of diligence in presenting the issue to the court, nor should she be unjustly enriched on that account.
In a case where the alimony to be paid periodically is separate and apart from any other required payments under the judgment and where there is no real controversy that the spouse receiving the alimony has remarried, we comprehend no valid reason to impose or extend the periodic alimony obligation upon the paying spouse beyond the date of the remarriage of the receiving spouse.
Since Mr. Tillis' periodic alimony obligation did not extend beyond the date of her marriage to Mr. Smith, no such alimony accrued or matured after her remarriage date.
The judgment of the circuit court is affirmed.
The foregoing opinion was prepared by retired Circuit Judge EDWARD N. SCRUGGS while serving on active duty status as a judge of this court under the provisions of § 12-18-10 (e) of the Code of Alabama (1975) and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.