This is a divorce case.
The wife filed a petition in the Jefferson County Circuit Court for the issuance of a rule nisi to the husband due to his failure to make certain payments to her under the parties' divorce decree. The husband contended that he was no longer liable for the sums claimed by the wife, and he filed a petition for modification of the decree.
Following an ore tenus hearing, the trial court denied relief to both the wife and the husband.
Both parties appeal. We affirm in part and reverse and remand in part.
The parties were divorced in 1970, following a marriage of approximately twenty-four years. The parties' final decree of divorce incorporates their agreement concerning the terms of the divorce. The pertinent parts of that agreement for purposes of this appeal are:
 "4. That the respondent [husband] shall pay to the complainant [wife] the sum of One Thousand One Hundred Dollars ($1,100.00) per month alimony, commencing December 1, 1970.
 "5. That in the event the complainant becomes legally married the monthly alimony payments required to be made herein by the respondent to the complainant shall be reduced by an amount equal to the average monthly gross income for the immediate past calendar year or fiscal year if different from calendar year for income tax purposes, of the complainant's then legal spouse, which shall be computed annually. Said reduction shall continue for as long as complainant remains legally married, but in the event of her subsequent divorce, annulment, or the death of her husband, the original monthly alimony shall immediately be reinstated.
". . .
 "12. That respondent is the sole owner of approximately 80% of the capital stock of Refractory Sales and Service Company, Inc., and that in the event Refractory Sales and Service Company, Inc., is sold during the lifetime of the respondent, the respondent shall, at the complainant's option, pay over to the complainant 20% (either in cash or stock in the event said sale is paid for by stock in some other corporation) of the net proceeds from said sale and said payment shall be a lump sum settlement in lieu of any and all further alimony payments which otherwise would be due under the terms of this Agreement, provided, however, that the complainant may decline to accept and relinquish all right of said 20% of the net proceeds from the sale of said corporation, and continue to receive alimony payments otherwise agreed upon herein. Respondent further agrees not to make any substantial disposition of the assets without paying Complainant the 20% as provided for herein of said corporation, though he shall not be prohibited from disposing of assets in the normal operation of said business without paying said amount."
The wife's petition for rule nisi was based upon the husband's refusal to pay to the wife the $1,100 monthly payments provided for under paragraphs 4 and 5 of the agreement and his failure or refusal to pay to her twenty percent of the proceeds of the sale of Refractory Sales and Service Company, as required by paragraph 12 of the agreement.
We will address the latter basis for the wife's petition first.
 I
It is undisputed that in 1979 Refractory Sales and Service Company was sold and that the husband did not pay or offer to pay to the wife twenty percent of the proceeds of the sale, as required by paragraph 12 of the parties' agreement.
It is also undisputed, however, that in 1972 the parties' divorce decree was modified by the trial court, whereby the *Page 1125 
husband was released from all duties and obligations arising under paragraph 12 of the agreement. The modification was granted upon the petition of the husband, to which he attached a written agreement of the parties, bearing the witnessed signatures of both parties. By the terms of the agreement the wife released the husband from all duties and obligations arising out of paragraph 12.
In conjunction with her petition for rule nisi, the wife filed a motion to vacate the 1972 modification decree under Rule 60 (b), Alabama Rules of Civil Procedure. This motion was denied by the trial court along with the petition for rulenisi.
The wife contends that she never agreed to release the husband from the requirements of paragraph 12 and that she was neither served with a copy of the husband's petition to modify nor given notice that it had been submitted to the trial court. She testified that she first learned of the modification decree in 1984. Thus, she contends that the decree should be vacated under Rule 60 (b) because it was obtained through fraud and because it is "void."
The trial court has wide discretion in making a determination to grant or deny a Rule 60 (b) motion, and its determination will not be set aside on appeal unless an abuse of that discretion is shown. Shipe v. Shipe, 477 So.2d 430
(Ala.Civ.App. 1985); Coburn v. Coburn, 474 So.2d 728
(Ala.Civ.App. 1985). Under the circumstances of this case, we find no abuse of discretion.
A motion under Rule 60 (b) must be made
 "within a reasonable time, and for . . . [fraud] not more than four months after the judgment, order, or proceeding was entered or taken. . . . This rule does not limit the power of a court to entertain an independent action within a reasonable time and not to exceed three years after the entry of the judgment. . . ."
The wife's 60 (b) motion was brought thirteen years after the 1972 modification decree was entered. Whether viewed simply as a motion or as an independent action, the trial court would be justified in concluding that the wife's 60 (b) motion was not brought within a reasonable time and was thus due to be denied.
Moreover, the evidence with regard to the wife's 60 (b) contentions was vague and conflicting. It was for the trial court sitting without a jury to weigh the evidence and resolve the conflicts. Its judgment is presumed to be correct and will not be reversed unless plainly and palpably wrong. Shipe, 477 So.2d at 432.
There was evidence to support the conclusion that the wife did sign the agreement relieving the husband of the requirement of paragraph 12 and that the wife's rights were not violated in 1972 when the divorce decree was modified in accordance therewith.
Accordingly, that part of the trial court's judgment which denied the wife's 60 (b) motion and her petition for rule nisi
as it pertained to paragraph 12 is due to be affirmed.
 II
We will now address that portion of the wife's rule nisi
petition in which she contends that the husband is obligated to her under paragraphs 4 and 5 of the parties' agreement in the amount of $1,100 per month.
In 1983 the wife remarried and, apparently, because the second husband's income exceeded $1,100 per month, the husband did not pay the wife any "alimony." In 1984 the second husband died, but the husband refused to resume making the $1,100 monthly payments as required by paragraph 5 of the agreement.
The husband contends that he is no longer obligated to pay the wife alimony due to her remarriage. He relies upon Ala. Code (1975), § 30-2-55, under which "[a]ny decree of divorce providing for periodic payments of alimony shall be modified by the court to provide for the termination of such alimony upon petition of a party to the decree and proof that the spouse receiving such alimony has remarried. . . ." *Page 1126 
By its own terms, § 30-2-55 applies only to periodic alimony.See Tucker v. Tucker, 416 So.2d 1053 (Ala.Civ.App. 1982). The wife contends that the $1,100 "per month alimony" required in paragraphs 4 and 5 of the agreement is not simply periodic alimony, but, rather, alimony in gross or part of a division of property or alimony agreed upon as part of an integrated bargain.
At the ore tenus hearing the wife attempted to testify regarding the intent of the parties when they entered into the agreement which was incorporated into the divorce decree. The wife's attorney explained to the trial court that such testimony was offered to show that the parties had intended to make an integrated bargain or that the monthly payments were intended to be alimony in gross or part of a property division. The trial court sustained the husband's objections to such testimony, and it was not permitted. In so doing, the learned and distinguished trial judge erred to reversal.
"Whether an agreement between divorcing parties constitutes an integrated bargain is an issue which must be determined by the trial court after the presentation of evidence concerning the parties' intent when executing the agreement." Tucker, 416 So.2d at 1056. See Jones v. Jones, 392 So.2d 1196 (Ala.Civ.App. 1980), cert. denied, 392 So.2d 1198 (Ala. 1981). Evidence of the parties' intent is also necessary for determining whether payments required under a divorce decree which are not specifically denominated as periodic alimony are in fact alimony in gross or part of a division of property. See Oliverv. Oliver, 431 So.2d 1271 (Ala.Civ.App. 1983); Cherry v.Cherry, 422 So.2d 784 (Ala.Civ.App. 1982).
Where the parties' agreement is ambiguous, their intent cannot be determined from the face of the written agreement. The trial court should then permit the introduction of evidence, such as testimony regarding the circumstances surrounding the execution of the agreement, to determine the parties' intent. DuValle v. DuValle, 348 So.2d 1067
(Ala.Civ.App. 1977). See Oliver, 431 So.2d at 1275; Tucker, 416 So.2d at 1056.
Having reviewed the parties' agreement in this case, we find that it is ambiguous and requires other evidence of the parties' intent with regard to the $1,100 monthly payments. The fact that paragraph 4 of the agreement refers to the payments as "per month alimony" supports the husband's contention that the monthly sums are periodic alimony and thus subject to Ala. Code (1975), § 30-2-55.
On the other hand, other provisions of the agreement may support the conclusion that the parties intended to make an integrated bargain or that the payments were meant to be part of the property settlement. For instance, in paragraph 12 the parties specifically relate the payment to the wife of twenty percent of the proceeds of the sale of Refractory Sales and Service Company to the continued payment to her of alimony.
The agreement is simply not unambiguous as to the nature of the monthly payments. At the time the wife's attorney attempted to offer testimony of the parties' intent, the learned trial judge stated that he had not yet determined whether the agreement was ambiguous. Nevertheless, he refused to allow the wife to present her evidence of intent. In so doing, the trial court erred, and that part of the case is reversed and remanded for proceedings not inconsistent herewith.
In view of the above, the wife's other contentions regarding § 30-2-55 and her right to continue to receive $1,100 per month under the divorce decree are pretermitted. The husband's contention on cross-appeal that the trial court erred in not modifying the divorce decree in accordance with § 30-2-55 is also pretermitted.
We would note, however, that we do not agree with the wife's contentions regarding the scope of the application of §30-2-55. On remand, if the trial court should conclude that the $1,100 monthly payments are periodic alimony, after receiving evidence of the parties' intent as to that provision in *Page 1127 
their agreement, the trial court would then be correct in terminating such alimony under § 30-2-55. Oliver, 431 So.2d at 1275-76.
The fact that the terms of the parties' agreement go farther than the agreement in Oliver in that they provide for the resumption of "alimony" upon the termination of the wife's subsequent marriage does not alter the application of the statute or the public policy of the state that, upon the remarriage of the spouse receiving periodic alimony, such alimony should be terminated.
We would further note that the wife's contention that §30-2-55 is not self-effectuating and that she was thus entitled to receive "alimony" until the husband petitioned the court under the statute and proved the fact of her remarriage is of little merit. We think it to be implicit in the language of §30-2-55 that periodic alimony would be terminable as of the date of the receiving spouse's remarriage. More specifically, it is within the discretion of the trial court under § 30-2-55
to terminate alimony as of the date of remarriage.
Both parties have requested an attorney's fee for representation on appeal. In view of the above, both parties' requests are denied.
This case is affirmed in part and reversed and remanded in part.
AFFIRMED IN PART; REVERSED AND REMANDED IN PART.
WRIGHT, P.J., and BRADLEY, J., concur.