HOLMES, Judge.
This is a divorce case.
The parties were divorced in 1974. Their divorce decree incorporated their written agreement as to custody, alimony, child support, and the division of property.
The wife instituted' the instant action when she filed in the trial court a motion for the husband to show cause why he had terminated the payment of alimony to her. The trial court held that the wife was not entitled to alimony because of her remarriage in 1975.
The wife appeals. We affirm.
*165 Ala.Code (1975), § 30-2-55, provides in part:
“Any decree of divorce providing for periodic payments of alimony shall be modified by the court to provide for the termination of such alimony upon petition of a party to the decree and proof that the spouse receiving such alimony has remarried or that such spouse is living openly or cohabiting with a member of the opposite sex.”
The wife contends that § 30-2-55 does not apply in this case for three primary reasons. First, she contends that the statute does not apply because the provision for the payment of alimony to her is part of an integrated bargain between the parties.
Section 30-2-55 by its own terms applies only to periodic alimony. See Lowe v. Lowe, 495 So.2d 1123 (Ala.Civ.App.1986). We thus agree with the wife that the statute would not operate to terminate alimony which is part of an integrated bargain. We do not agree, however, that the parties’ divorce agreement is an integrated bargain.
“In an integrated bargain agreement the parties have established the amount of alimony to be paid for support and maintenance by taking into account the property settlement features of the agreement. Such an agreement provides for both support and division of property, but the entire provision for one spouse is in consideration for the entire provision for the other, so that the support and property terms are inseparable.”
Jones v. Jones, 392 So.2d 1196, 1197, (Ala. Civ.App.1980), cert, denied, 392 So.2d 1198 (Ala.1981). To determine whether an agreement is an integrated bargain, a court must look to the intent of the parties. Jones, 392 So.2d at 1197; DuValle v. Du-Valle, 348 So.2d 1067 (Ala.Civ.App.1977).
The parties’ agreement in this case clearly indicates that the alimony payments to the wife are periodic alimony and that the parties did not intend to make an integrated bargain. The agreement requires the husband to pay to the wife a specific sum of alimony (and child support) each
month. The agreement contains no language which indicates that the parties intended the agreement as a final settlement of all their claims for property rights and rights of maintenance and support. See DuValle, 348 So.2d at 1070, and cases cited therein.
The wife contends that the trial court erred in refusing to allow her to present evidence outside the written terms of the agreement which would allegedly have shown that the parties intended the agreement to be an integrated bargain. We disagree.
If a written agreement is so ambiguous that intent cannot be determined on its face, then evidence outside the agreement should be permitted by the trial court to determine that intent. See Lowe, 495 So.2d 1123; DuValle, 348 So.2d at 1071. Here, however, there is no ambiguity within the four corners of the parties’ agreement. Rather, its terms clearly indicate that the parties intended to provide only for the payment of periodic alimony to the wife.
Such periodic alimony is subject to the mandate of Ala.Code (1975), § 30-2-55. The trial court did not err in concluding that it was due to be terminated because of the wife’s remarriage. Oliver v. Oliver, 431 So.2d 1271 (Ala.Civ.App.1983).
The wife’s second major contention is that § 30-2-55 does not apply in this case because her remarriage was void ab initio. She presented evidence in the trial court to the effect that, at the time of her remarriage, her second husband was already married and that he never obtained a divorce from his first wife.
The husband argues, and the trial court found, that the wife’s evidence regarding her second marriage was insufficient to establish that it was void ab initio. This court, however, need not resolve this issue.
Section 30-2-55 applies if the spouse receiving alimony has either remarried or is “living openly or cohabiting with a member of the opposite sex.” The wife *166 admitted that, from June 1975 until shortly before their divorce in 1980, she and her second husband lived together as man and wife. Thus, regardless of the validity of her second marriage, the trial court did not err in terminating the wife’s right to receive alimony due to the wife’s open cohabitation with another man.
The wife’s final contention is that the trial court erred in applying § 30-2-55 retroactively to the date of her remarriage. In making this argument, the wife ignores the specific language of the statute, which states that the statute “shall be applicable to any person granted a decree of divorce either prior to April 28, 1978, or thereafter.”
The wife more particularly argues, however, that § 30-2-55 cannot apply retroactively because the husband had never petitioned the court for the termination of alimony and there was no court order to that effect. Because § 30-2-55 provides for the termination of alimony “upon petition ... and proof” of remarriage or cohabitation, the wife contends that the trial court erred in terminating her right to alimony prior to such petition and proof being made.
We disagree. In Tillis v. Tillis, 405 So.2d 938 (Ala.Civ.App.), cert, denied, 405 So.2d 940 (Ala.1981), this court held that a husband’s obligation to pay alimony terminated upon the wife’s remarriage, although the husband never filed a petition to terminate such alimony until the wife filed a petition to place him in contempt for nonpayment. Similarly, in this case the husband apparently stopped making payments shortly after the wife’s remarriage in 1975, but never sought relief in that regard from the trial court until the wife brought the present petition to show cause.
Based upon Tillis, we find that the trial court did not err in applying § 30-2-55 to terminate the wife’s right to receive alimony as of the date of her remarriage. See also Lowe, 495 So.2d 1123.
This case is due to be affirmed.
AFFIRMED.
WRIGHT, P.J., and BRADLEY, J., concur.