This case involves husband's petition to modify a divorce decree terminating alimony *Page 5 
payments and wife's petition for rule nisi.
The plaintiff, Susan Diane Hawkins, and the defendant, John Musgrove, were divorced on November 13, 1978. Musgrove (hereinafter referred to as "husband") and Hawkins (hereinafter referred to as "wife") subsequently modified their original divorce decree by agreement in June 1979. The modified decree required the husband to pay any and all medical expenses incurred by the wife which were not otherwise covered by medical insurance. The parties also agreed that such payments were to be included as part of the husband's alimony payments to the wife.
In December 1985 the husband petitioned the trial court to terminate his obligation to pay alimony on the ground that the wife cohabited with another man in violation of section 30-2-55. See, § 30-2-55, Code 1975 (1986 Cum.Supp.). On February 25, 1986 the trial court granted the relief sought by the husband, finding that between November 1984 and February 1985 the wife had indeed cohabited with another man in violation of section 30-2-55.
On October 14, 1986 the trial court entered an order on the wife's petition for rule nisi which ruled that the husband had failed to pay medical expenses incurred prior to the entry of its order terminating the husband's obligation to pay alimony but after the wife's cohabitation. The trial court ordered the husband to pay all medical bills incurred by the wife after her cohabitation but prior to the order terminating alimony.
The husband now appeals this order and asserts that the trial court erred in holding him responsible for the payment of medical expenses incurred after the cohabitation but before the entry of the order terminating alimony. The wife, on the other hand, argues that the amount of the medical expenses includable in the husband's alimony payments could not be terminated until they constituted an amount which was fixed as a sum certain. The wife thus contends that such payments did not become ascertainable until the trial court's ore tenus hearing on her petition for rule nisi.
As a general proposition, section 30-2-55 provides that once a trial court ascertains the amount of alimony payable pursuant to a divorce decree it is obligated to terminate such alimony upon one party's petition and allegation that the other party has remarried or cohabited with a member of the opposite sex and proof of either remarriage or cohabitation. See, Capper v.Capper, 451 So.2d 359 (Ala.Civ.App. 1984). Additionally, if the trial court can ascertain the amount of alimony due and owing, it may terminate all such amounts which accrued between the date of cohabitation and the date of the petition, Tillisv. Tillis, 405 So.2d 938 (Ala.Civ.App.), cert. denied,405 So.2d 940 (Ala. 1981), as well as the petitioning party's responsibility to make future payments. See, Hearn v. Hearn,379 So.2d 595 (Ala.Civ.App. 1979), cert. denied,379 So.2d 597 (Ala. 1980).
In the present case the record reveals that the wife incurred $33,347 in medical bills after the cohabitation but before the husband's petition for the termination of alimony. Thus, the amount of the wife's medical bills, which were includable in the husband's alimony payments by agreement of the parties, were definite and ascertainable for purposes of section 30-2-55. For this reason, the trial court erred in refusing to terminate the husband's obligation to pay all medical expenses incurred by the wife after the date of cohabitation.
We must, therefore, reverse the judgment of the trial court and remand this case for entry of judgment consistent with this opinion.
The wife's request for attorney's fee on appeal is denied.
REVERSED AND REMANDED WITH INSTRUCTIONS.
HOLMES and INGRAM, JJ., concur. *Page 6