INGRAM, Presiding Judge.
The parties were divorced in 1984. Custody of the parties’ minor daughter was awarded to the mother, and the father was awarded reasonable visitation rights. In October 1989, the father petitioned the trial court for a modification of custody, asserting that due to a change of circumstances which had occurred since the previous custody order, the child should be placed in his care. However, after an ore tenus proceeding, the trial court denied the father’s petition. Thereafter, the father filed a motion requesting that the trial court alter, amend, or vacate its ruling. The motion was denied, and the father brings this appeal.
The dispositive issue raised by the father in this appeal is whether the trial court abused its discretion in denying the father’s petition for a change of custody.
Initially, we note that our supreme court, in Ex parte Couch, 521 So.2d 987 (Ala.1988), distinguished between the two standards applicable to the review of an award of custody. If custody has not yet been determined, the appropriate standard is “the best interest of the child.” Murphy v. Murphy, 479 So.2d 1261 (Ala.Civ.App.1985). However, if there has previously been a judgment awarding custody to one parent, as in the case at bar, then custody will be modified only upon a showing that such a change would “materially promote” the child’s welfare. Ex parte McLendon, 455 So.2d 863 (Ala.1984). In establishing the fact that a change of custody would materially promote the child's welfare, McLendon provides that the noncustodial parent must show that material changes affecting the child’s welfare have come about since the most recent decree, and that the positive good brought about by the change in custody would more than offset the inherently disruptive effect brought about by uprooting a child from his present environment.
 We further note that the modification of child custody is a matter which falls within the discretion of the trial court. Hester v. Hester, 460 So.2d 1305 (Ala.Civ.App.1984). In child custody cases presented to the trial court ore tenus, the judgment of the trial court is presumed to be correct and will not be altered on appeal absent an abuse of discretion or a showing of plain and palpable error. Wesson v. Wesson, 507 So.2d 536 (Ala.Civ.App.1987).
Here, the father contends that he met his burden of proving that a material change of circumstances has occurred, and that as a result of these changes, a modification of custody is in the child’s best Interest. The father asserts that the trial court’s refusal to modify custody amounts to an abuse of discretion.
The decisions of this court on the issue of abusé of discretion in child custody modification cases are legion. Therefore, we perceive no precedential value in relating all of the facts in the instant case. We do note, however, that there is ample evidence supporting the trial court’s refusal to grant the father’s request for a change of custody.
Here, the record reflects that the trial court, in issuing its order denying the father’s petition, commented that circumstances indeed have changed since the entry of the original decree. The trial court went on to explain that in 1984 when the parties divorced, neither party was actually a fit and proper person to have custody of the minor child. In its most recent order, however, the trial court found that although neither the father nor the mother would be entitled to the “father of the year award or the mother of the year award,” both parties could be determined to be fit and proper parents. After hearing the testimony of the father and of the witnesses who appeared in his behalf, most of which was directly refuted by the mother’s testimony and the testimony of the witnesses who appeared in her behalf, the trial court found that the father failed to prove a *1197 material change of circumstances sufficient to warrant a change of custody.
After a careful reading of all of the evidence in the record, and in light of the attendant presumptions of correctness, we find no palpable abuse of discretion by the trial court. Therefore, this case is due to be affirmed.
AFFIRMED.
ROBERTSON and RUSSELL, JJ., concur.