RUSSELL, Judge.
This child custody case originated with a petition filed by Debra Cooper Carver (mother) on June 20, 1989, alleging that there had been a change of circumstances since the final divorce decree and subsequent orders which materially affects the welfare of the three minor children of the parties. The trial court denied the change of custody requested by the mother, thereby continuing custody with Jerry Cooper (father). The mother appeals. We affirm, The dispositive issue is whether the trial court abused its discretion in denying the mother’s petition for a change of custody.
At the outset we note that, if custody has previously been awarded to one parent, the father in the instant case, custody will then be modified only upon a showing that such a modification would “materially promote” the child’s welfare. Ex parte McLendon, 455 So.2d 863 (Ala.1984). McLendon additionally provides that the party seeking the modification must show that material changes affecting the child’s welfare have occurred since the last decree and that the positive good from the change must more than offset the inherently disruptive effect brought about by uprooting the child. Id.; Sullivan v. Nix, 571 So.2d 1195 (Ala.Civ.App.1990).
We further note that child custody matters are within the discretion of the trial court and that the exercise of that discretion will be reversed only for abuse or plain error. Hutchinson v. Davis, 435 So.2d 1303 (Ala.Civ.App.1983).
The mother claims that there has been a change in circumstances materially affecting the welfare of the children in that (1) she says the oldest child, at the age of fourteen, attempted suicide by taking medicine and that the father, because of the attempt, beat the child, which left marks on her for more than five days; (2) the Department of Human Resources had determined that the father had also extremely disciplined the other two children and that all of the children were terrified of the father; and (3) she says the children were without adequate supervision, and the youngest child, age five, was left at home severely ill while the other children went to school.
The record indicates that the oldest child took some pills, but that they were vitamin pills, rather than medication. The father admitted that he whipped the oldest child with a belt, but stated that he had never spanked the child to that extent be *592 fore and that he rarely spanked the children. He said that the oldest child “got a whipping” because she did the wrong thing — taking the pills to get attention in front of her friends and then not telling the father. Other testimony indicated that the child probably was not trying to commit suicide, but was trying to get attention.
The father also testified that, on the day that the youngest child was ill and was unable to go to school, the older children called him to say that the youngest child was ill and that he told them to put her to bed after giving her children’s Tylenol and to go on to school. He testified that he arrived home within ten minutes of the time that the children usually leave for school. The youngest child had a virus and was back at school the next day. The father also testified that the children were not left at home for long periods of time.
The trial court, in issuing the order denying the mother’s petition, commented that the mother had “not met and discharged the burden of proof required for the Court to grant her request and modify the prior decree.” It then noted that some changes in conditions and circumstances have occurred which give cause for the court to intervene in the best interest of the children. The trial judge then suggested that the father be more open-minded to suggestions from others, particularly the counsel- or with whom the judge determined the family should meet, that the children should visit frequently with the mother, and that a part-time housekeeper would be a tremendous help to the oldest child, as well as the father and the other children. The trial judge further stated that the father had been a responsible custodial parent and a strict disciplinarian, but is experiencing some problems with growing children.
In spite of our concern over the actions of the father in handling certain situations, after a careful reading of all of the evidence in the record, and in light of the presumptions of correctness, we cannot say that there was plain error or a palpable abuse of discretion by the trial court. Therefore, this case is due to be affirmed.
AFFIRMED.
ROBERTSON, J., concurs.
INGRAM, P.J., not sitting.