The husband filed, among other things, a petition to modify the alimony provision of the divorce decree. He contends that his alimony obligation is due to be terminated pursuant to Ala. Code 1975, § 30-2-55, because he says that the wife is openly living with a member of the opposite sex. The wife counterclaimed against the husband for an adjudication of contempt.
After an ore tenus proceeding, the trial court issued a final judgment which, in part, held that the husband was in contempt of court for five separate incidents of harassment. The trial court ordered the husband to serve five days in jail for each incident for a total of twenty-five days of incarceration. However, the sentence was suspended, and the trial court held that to *Page 13 
purge himself of the contempt citation, the husband must not violate any provision of the trial court's orders and decrees for a period of three years. Further, the trial court found that the husband had carried his burden of proving that the wife was living openly with a member of the opposite sex, and that his alimony obligation to the wife was terminated.
The wife filed an A.R.Civ.P., Rule 59, motion, contending that the husband could not be heard on his petition to modify since he was found in contempt of court. In response to the wife's motion, the trial court issued an amended order. The amended final order again found the husband to be in contempt and set out the same method of purging himself as in the original order. However, the trial court rescinded or set aside that part of the original order which addressed the husband's modification of alimony request. Then, the trial court held that the husband would not be entitled to have his alimony obligation terminated until such time as he purges himself of contempt, which, in this instance, would not be for at least three years. The husband appeals.
The dispositive issue on appeal is whether the trial court erred in refusing to terminate the husband's alimony obligation, pursuant to § 30-2-55.
Ala. Code 1975, § 30-2-55, in part is as follows:
 "Any decree of divorce providing for periodic payments of alimony shall be modified by the court to provide for the termination of such alimony upon petition of a party to the decree and proof that the spouse receiving such alimony has remarried or that such spouse is living openly or cohabiting with a member of the opposite sex." (Emphasis added.)
Upon petition of the husband and proof that the wife has remarried or is living openly or cohabiting with a member of the opposite sex, the trial court has the duty, under §30-2-55, to terminate such alimony. See Tillis v. Tillis,405 So.2d 938 (Ala.Civ.App. 1981). Once the husband submits sufficient proof of the wife's living arrangement, as set out in § 30-2-55, the trial court is required to terminate the periodic alimony. Tillis. Such is the mandate of § 30-2-55.
However, here the trial court would have the husband continue to pay alimony to the wife for some three years, even though there may have been ample evidence submitted to prove that she was living openly with another man. In fact, it would appear under the rationale of the trial court, even if the wife remarried, that the husband would not be entitled to petition to have his alimony obligation terminated. Clearly, such a result is contrary to the holding in Musgrove v. Hawkins,513 So.2d 4 (Ala.Civ.App. 1987) and Tillis.
In Tillis, we held that, where the monthly periodic alimony payment was fixed and ascertainable, and the trial court had no allocation nor determination to make in that regard, then the husband's alimony obligation did not extend beyond the date of the wife's remarriage, regardless of when the petition to modify was filed. There, we found that no such alimony accrued or matured after the wife's remarriage date.
In Musgrove we held that, if the trial court could ascertain the amount of alimony due and owing, it could then terminate all such amounts that accrued after the date of cohabitation.
Therefore, in line with the reasoning set out inMusgrove and Tillis, we hold that, once there is sufficient proof that the spouse is openly living or cohabiting with a member of the opposite sex, no alimony accrues or matures beyond the time that such cohabitation began. Because no such alimony accrues beyond that date, we hold that the trial court does not have the discretion to simply refuse to hear the husband's modification petition, even if he is in contempt of court. This is especially true where, as here, the trial court, by its own order, will not permit the husband to purge himself of the contempt for at least three years.
In view of the above, we hold that the trial court erred in holding that the *Page 14 
husband could not petition to terminate his alimony obligation at the present time. Clearly, if the evidence presented to the trial court proved that the wife was living openly with another man, then the husband's obligation to pay alimony ceased as of the date of cohabitation. See Musgrove.
The wife's request for an attorney's fee for representation on appeal is denied.
This case is due to be reversed and remanded for proceedings consistent with this opinion.
REVERSED AND REMANDED WITH DIRECTIONS.
THIGPEN and RUSSELL, JJ., concur.