ROBERTSON, Presiding Judge.
The parties were divorced in July 1990. The husband was ordered to pay certain debts, $250 per month as child support, and $364.40 a month as “alimony in gross” from his retirement benefits.
The husband appeals, contending, among other things, that the trial court erred in its award to the wife of alimony in gross out of his retirement benefits. We agree.
It is well-settled law in Alabama that a husband’s military retirement benefits can be applied only to the payment of periodic alimony and that such benefits cannot be made the basis of a property division or of an award of alimony in gross. Broadus v. Broadus, 470 So.2d 1239 (Ala.Civ.App.1985).
The husband also contends, and the record so suggests, that the wife was living openly or cohabitating with a member of the opposite sex at the time of the trial and was, therefore, not entitled to periodic alimony, pursuant to § 30-2-55. If this is indeed the case, an award of periodic alimony would appear to be an act of futility by the trial court in that the husband’s obligation to pay ceases after the date of cohabitation. See Musgrove v. Hawkins, 513 So.2d 4 (Ala.Civ.App.1987).
That portion of the trial court’s judgment awarding the wife alimony in gross is in error, and that portion of the judgment is reversed. The remainder of the judgment is affirmed.
This case is remanded to the trial court for it to decide whether to treat the award of a portion of the husband’s retirement income as periodic alimony or to vacate that portion of its judgment here deemed erroneous. Kabaci v. Kabaci, 373 So.2d 1144 (Ala.Civ.App.1979).
We pretermit the husband’s contention that an award of periodic alimony in the same amount would be arbitrary, capricious, inequitable, and disproportionate to his income until the trial court makes such an award.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED WITH DIRECTIONS.
THIGPEN and RUSSELL, JJ., concur.