Kenneth Orick Boley (husband) filed a petition to modify a divorce decree, requesting the termination of alimony because of the alleged cohabitation of Junia Elizabeth Boley (wife) and also requesting a change of child custody. The trial court denied the husband's petition, finding the alimony to be alimony in gross and therefore non-modifiable.
The husband appeals, contending that the trial court erred in determining that the alimony is alimony in gross and in refusing to modify the alimony, in establishing alimony in gross without proper evaluation of certain criteria, and in refusing to modify custody of the parties' child. We affirm in part, reverse in part, and remand.
At the outset we note that the judgment of the trial court is presumed correct after an ore tenus proceeding and will be set aside only when it has been determined that it is plainly and palpably wrong. Euler v. Euler, 515 So.2d 710 (Ala.Civ.App. 1987).
The record reveals that the parties were divorced on March 30, 1988, and that one child, who was 14 years of age at the time of the hearing in the present matter, was born to the parties. In the divorce decree, which incorporated an agreement of the parties, custody of the child was granted to the wife, and the husband was ordered to provide the child with benefits and privileges as a military dependent, to provide $35,000 in insurance on the husband's life for the benefit of the child, and to pay reasonable college expenses for the child. The wife was granted the marital residence, household goods and furnishings, personal belongings, an automobile, and a business which the husband purchased for her for $23,000. In addition, the divorce decree contained the following provision: "11. The [husband] shall pay [the wife] the sum of $1,400.00 temporary periodic alimony per month commencing April 1, 1988, and continuing on the first day of each month thereafter until such time as the minor child shall attain the age of nineteen years, at which time such temporary periodic *Page 1299 
alimony shall cease." Although the agreement stated that the parties agreed that there should be no child support due for support of the child, the husband was allowed to claim the child as a deduction for tax purposes.
In the present case, on March 6, 1990, the trial court denied the husband's motion for summary judgment regarding the termination of alimony, holding that the alimony was alimony in gross and not subject to modification. In its final order entered on June 12, 1990, the trial court found the husband to be $22,400 in arrears in the payment of the $1,400 per month alimony and ordered that the custody of the child remain with the wife.
As to the husband's contention that the trial court erred in its determination that the alimony is alimony in gross, we agree. We note that an award of alimony in gross is intended to effect a final termination of the property rights of the parties and attempts to compensate the wife for the loss of inchoate property rights in her husband's estate. Rogers v.Rogers, 473 So.2d 537 (Ala.Civ.App. 1985). To constitute alimony in gross, the time and amount of payment must be certain, and the right to alimony must be nonmodifiable, or vested. Hager v. Hager, 293 Ala. 47, 299 So.2d 743 (1974);Trammell v. Trammell, 523 So.2d 437 (Ala.Civ.App. 1988). The intent to award alimony in gross should necessarily be inferred from the language used or unequivocally expressed. Trammell,523 So.2d 437.
Here, although the time and total amount of payment regarding the alimony are certain, or ascertainable, we find that the language does not indicate the intent to award alimony in gross, and in fact, paragraph 11 termed the alimony "temporary periodic." The agreement also indicates that the "property division and/or alimony in gross," rather than the periodic alimony, is to compensate the wife for "the loss of her inchoate marital rights." We find that this clause does not cause an ambiguity as to alimony in gross as the wife argues and that it has no application to paragraph 11.
In addition, the wife argues that the agreement constitutes an integrated bargain and that, therefore, the alimony could not be terminated. In an integrated bargain agreement, both support and division of property are provided for, but the support and property terms are inseparable. Gillmann v.Gillmann, 497 So.2d 163 (Ala.Civ.App. 1986). The existence of an integrated bargain is to be determined by the trial court after the presentation of evidence concerning the intent of the parties. Lowe v. Lowe, 495 So.2d 1123 (Ala.Civ.App. 1986). Here, we find that the evidence fails to indicate that the support and division of property terms are inseparable. Therefore, because the language does not indicate the intent to award alimony in gross and the agreement was not an integrated bargain, we find that it was error for the trial court to determine that the alimony was alimony in gross and non-modifiable.
Further, although the wife does not contend in her brief that the provision for alimony is inclusive of child support, her testimony at deposition and the argument of the husband in his brief indicate that the $1,400 was at the least intended to be inclusive of child support. However, it is clear from the language of the agreement that there is to be no child support and that the $1,400 payments are temporary periodic alimony. Where the terms of a written agreement appear to be both certain and clear, oral testimony concerning the intent or understanding of the parties is inadmissible. Croft v. Croft,513 So.2d 630 (Ala.Civ.App. 1987). Here, we find that the terms of the agreement as to alimony are certain and clear; therefore, testimony as to the intent or understanding of the parties as to monthly child support is inadmissible and should not be considered.
We therefore reverse and remand as to the issue of alimony and instruct the trial court to consider the husband's petition for modification, wherein he requests termination of alimony because of the cohabitation of the wife. *Page 1300 
The husband also contends that it would be in the best interest of the child for custody to be placed with him.
However, ordinarily when there has previously been an award of custody to one parent, a change of custody may be granted only when there is a showing that the change will materially promote the child's welfare. Ex parte McLendon, 455 So.2d 863
(Ala. 1984). McLendon additionally provides that the party seeking the modification must show that material changes affecting the welfare of the child have occurred since the last decree and that the positive good from the change in custody would more than offset the inherently disruptive effect brought about by uprooting the child. Id.; Sullivan v. Nix,571 So.2d 1195 (Ala.Civ.App. 1990). We further note that child custody matters are within the discretion of the trial court and that the exercise of that discretion will be reversed only for abuse or plain error. Hutchinson v. Davis, 435 So.2d 1303
(Ala.Civ.App. 1983).
Here, among other things, the husband argues that the wife and her boyfriend are cohabiting and are engaging in sexual conduct with the child present in the house. Although there was testimony to the contrary, he also argues that the wife drinks heavily and that on numerous occasions she has become extremely intoxicated in the presence of the child.
The record reflects that at the time of depositions, March 1989, the wife was thirty-eight years old and the boyfriend was twenty-two years old. The boyfriend testified that he had lived with the wife continuously in the same house with the child for a period of "probably two years, year and a half." According to the child, the boyfriend and the wife usually sleep in the same bedroom. The child appears to have very little consistent supervision and keeps very late hours. At age fourteen he was given a type of motorcycle illegal for a child his age, and during its use he broke his leg.
The husband is a Lieutenant Colonel in the U.S. Army assigned to the Washington, D.C., area, who lives by himself in an apartment in what he believes to be an excellent home environment. He is on temporary duty about one-fourth of the time. If granted custody, the husband would provide a certified professional care provider to care for the child in the husband's absence. The husband loves the child very much, writes to him frequently, and thinks it is extremely important for the child to attend college and to prepare himself for college accordingly.
The child has lived with his mother in the family home since the divorce, and for approximately two years his mother's boyfriend also has lived in the same house. The child engaged in sports activities before breaking his leg, and he has many friends. While he expresses love for his mother and father, his preference is to live with his mother and to visit his father in the summer. However, he finds no reason not to live with his father, except for leaving his friends. He also has become friends with his mother's boyfriend, and they spend time together sometimes while his mother is working until 9 or 10 p.m.
The child has little supervision after school except he visits his mother at work regularly and keeps her informed of his whereabouts. He appears well-adjusted, responsible, and self-disciplined. He does his homework without assistance at home, excels in his schoolwork (he is a National Honor Society member, making all A's and one B during the school term prior to the trial date), and wishes to go to college.
We find the concerns of the husband as to the home environment justified, and we do not in any way condone the raising of a child at an impressionable time in his life in an out-of-wedlock environment such as the one that exists here. Nevertheless, we recognize our strict standard for a change of custody, and we do not find that a change of circumstances sufficient to meet the standard has yet occurred. In view of the above and all other things considered, as the same relate to custody, we cannot find any abuse of discretion of the trial court and, therefore, must affirm. *Page 1301 
The judgment of the trial court is affirmed in part and reversed in part, and the case is remanded with instructions.
The wife's request for an attorney's fee for representation on appeal is denied.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED WITH INSTRUCTIONS.
ROBERTSON, PJ., concurs.
THIGPEN, J., concurs in the result only.