ROBERTSON, Presiding Judge.
This is an appeal from a trial court’s judgment terminating alimony.
Ruby N. Blackburn (“the wife”) and James S. Blackburn (“the husband”) were divorced by a judgment of the Baldwin County Circuit Court on April 5, 1994. The divorce judgment incorporated an alimony and property settlement agreement that was entered into by the parties. The agreement provided that the husband would retain the marital home of the parties and further provided as follows:
“3. Alimony
“Husband shall pay Wife alimony in the amount of $75.00 per week for three (3) years; thereafter, Husband shall pay Wife the sum of $50.00 per week as permanent alimony. Husband acknowledges that his duty to pay alimony shall not be dischargeable in bankruptcy.... ” (Emphasis added.)
In December 1994, the husband ceased paying alimony and later filed a motion to terminate his alimony obligation pursuant to § 30-2-55, Ala.Code 1975, alleging that the wife was cohabiting with Anthony Jerkins. The wife filed a response to the husband’s motion and a counterclaim alleging that the husband owed $1,350 in past due alimony. On May 17, 1995, the trial court heard oral testimony from the husband and the wife. The wife admitted that she had cohabited with Anthony Jerkins from December 1994 until January 1995; however, she testified that the payments of $75 per week for three years were part of the property division between the parties which represented her share of the marital home which the husband retained. Subsequently, the trial court entered an order on the case action summary sheet, granting the husband’s motion to terminate his alimony obligation and denying the wife’s counterclaim for the alimony ar-rearage.
On appeal, the wife admits to having cohabited with Anthony Jerkins and does not challenge that part of the trial court’s judgment terminating the $50 per week “permanent alimony” (periodic alimony); therefore, that part of the trial court’s judgment is affirmed.
“A trial court may terminate an award of periodic alimony pursuant to § 30-2-55 once it has been determined that a former spouse has cohabited or lived openly with a member of the opposite sex. Section 30-2-55, however, applies only to awards of periodic alimony. Awards of alimony in gross and/or divisions of property are neither modifiable nor subject to § 30-2-55.”
Tucker v. Tucker, 416 So.2d 1053, 1056-57 (Ala.Civ.App.1982) (citations omitted).
The wife, however, contends that the trial court erred in terminating the “alimony” payments of $75 per week for three years because they were an award of alimony in gross.
An award of alimony in gross is intended to effect a final determination of the property rights of the parties and also is an attempt to compensate the wife for the loss of inchoate property rights in her husband’s *446 estate. Ex Parte Reuter, 623 So.2d 737 (Ala.1993).
“In order for alimony to be considered ⅛ gross’ it ‘must satisfy two requirements, (1) the time of payment and the amount must be certain, and (2) the right to alimony must be vested.’ ” Bonham v. Bonham, 623 So.2d 337, 338 (Ala.Civ.App.1993) (citations omitted). In this context, “the term ‘vested’ simply signifies that an award of ‘alimony in gross’ is not subject to modification.” Hager v. Hager, 293 Ala. 47, 54, 299 So.2d 743, 747 (Ala.1974).
The wife testified that the payments of $75 per week for three years were intended to compensate her because the husband was awarded the marital home that was purchased during the marriage. She testified that the payments were intended to compensate her for what she had put into the marital home that the husband retained after the divorce. The husband did not testify as to the purpose of the payments or the intent of the parties at the time they made the agreement; therefore, the wife’s testimony that the payments of $75 per week for three years were part of the property division was undisputed.
Further evidence of the intent of the parties is found in the language of the alimony and property settlement agreement. The agreement calls the payments of $75 per week for three years alimony; it calls the $50 per week payments thereafter permanent alimony. The agreement then states that the husband’s duty to pay alimony shall not be dischargeable in bankruptcy. Obligations to pay alimony in gross are dis-chargeable in bankruptcy. Segers v. Segers, 655 So.2d 1014, 1016 (Ala.Civ.App.1995). Obligations to provide periodic alimony, maintenance, and support for a spouse, however, are not dischargeable in bankruptcy. Id. If the husband had intended the payments of $75 per week for three years to be periodic alimony, it would not have been necessary for the husband to acknowledge that the alimony obligation would not be dischargeable in bankruptcy.
In view of the above and the wife’s undisputed testimony that the payments of $75 per week for three years were compensation for the wife’s relinquishment of her rights in the marital home, we find those payments to be alimony in gross. Consequently, we hold that the trial court erred by terminating those payments. Tucker, supra.
We reverse that part of the trial court’s judgment terminating the payments of $75 per month for three years and remand this cause for further proceedings, to include an entry of a judgment on the wife’s counterclaim.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED WITH INSTRUCTIONS.
YATES, J., concurs.
CRAWLEY, J., concurs specially.