CRAWLEY, Judge.
In July 1994, the trial court divorced David Wayne Wood and Patsy Ann Wood. That judgment ordered the husband, among other things, to pay the wife monthly periodic alimony and installments of alimony in gross. In November 1995, the husband filed a petition to modify the divorce judgment, requesting, among other things, that the trial court terminate his periodic alimony obligation because of the wife’s cohabitation with another man. Following the presentation of ore ten-us evidence, the trial court terminated the periodic alimony payments effective the date the husband filed the petition to modify.
The husband argues on appeal that the trial court erred by: (1) not terminating the periodic alimony effective the date the wife began cohabiting; and (2) not applying certain other payments toward his alimony in gross obligation.
Ala.Code 1975, § 30-2-55, provides:
“Any decree of divorce providing for periodic payments of alimony shall be modified by the court to provide for the termination of such alimony upon petition of a party to the decree and proof that the spouse receiving such alimony has remarried or that such spouse is living openly or cohabiting with a member of the opposite sex....”
In interpreting § 30-2-55, this court has held:
“[Ojnce there is sufficient proof that the spouse is openly living or cohabiting with a member of the opposite sex, no alimony accrues or matures beyond the time that such cohabitation began.”
Russell v. Russell, 586 So.2d 12, 13 (Ala.Civ.App.1991) (emphasis added). In the present case, it is undisputed that the wife began cohabiting with another man in January 1995. Therefore, based on the authority of Russell, we conclude that the trial court erred in terminating the periodic alimony effective November 1995, the date the peti *1387 tion to modify was filed, instead of January 1995, the date the cohabiting began.
The husband further argues that the excess alimony he paid from January 1995 to November 1995 should be applied to his alimony in gross obligation. The wife did not file a brief to contest the husband’s proposed method of applying the excess payments. The trial court concluded that the husband has arrearages for both his periodic alimony and his alimony in gross obligations. Because the husband was not obligated to pay periodic alimony from January 1995 to November 1995, he is entitled to have that amount offset any remaining arrearages, and if any further amount is remaining, the husband is entitled to have that amount credited toward his alimony in gross obligation.
REVERSED AND REMANDED WITH INSTRUCTIONS.
ROBERTSON, P.J., and THIGPEN, YATES, and MONROE, JJ., concur.