I concur that the trial court's judgment regarding the issue of attorney fees for the wife to defend the husband's modification petition should be affirmed; however, I would reverse that portion of the trial court's judgment which dismissed the husband's modification petition.
The language in the divorce judgment is unambiguous, and it appears to me that the trial court made an error of law in considering extrinsic evidence and in concluding that the provision described alimony in gross. Boley v. Boley,589 So.2d 1297 (Ala.Civ.App. 1991); Trammell v. Trammell, 523 So.2d 437
(Ala.Civ.App. 1988). Absent an ambiguity, it was the trial court's function to interpret the lawful meaning of the agreement. Trimble v. Todd, 510 So.2d 810 (Ala. 1987). Even if *Page 884 
one views the language as ambiguous, thus permitting parol evidence, our appellate courts have consistently determined that awards of this nature are periodic alimony.
 "An award of alimony in gross is intended to effect a final determination of the property rights of the parties and also is an attempt to compensate the wife for the loss of inchoate property rights in her husband's estate. Ex parte Reuter, 623 So.2d 737 (Ala. 1993).
 " 'In order for alimony to be considered "in gross" it "must satisfy two requirements, (1) the time of payment and the amount must be certain, and (2) the right to alimony must be vested." ' Bonham v. Bonham, 623 So.2d 337, 338
(Ala.Civ.App. 1993) (citations omitted). In this context, 'the term "vested" simply signifies that an award of "alimony in gross" is not subject to modification.' Hager v. Hager, 293 Ala. 47, 54, 299 So.2d 743, 747 (Ala. 1974)."
Blackburn v. Blackburn, 675 So.2d 444, 445-446
(Ala.Civ.App. 1996).
The divorce judgment states that the payments continue "until the death of either party, whichever shall sooner occur." Clearly, the duration of the payments is uncertain and the amount is indefinite. Additionally, the source and the purpose of the payments are of prime importance and the "intent to award alimony in gross must be unequivocally expressed, or necessarily inferred from the language used." Bonham, 623 So.2d at 338. See also, Lacey v. Ward, 634 So.2d 1013
(Ala.Civ.App. 1994).
Although it is noteworthy that the law regarding the consideration of military retirement benefits in divorce proceedings has changed since this divorce judgment was entered, that body of law is not controlling here. SeePatterson v. Patterson, 585 So.2d 1389 (Ala.Civ.App. 1991);Holcomb v. Smith, 404 So.2d 709 (Ala.Civ.App. 1981); andKabaci v. Kabaci, 373 So.2d 1144 (Ala.Civ.App. 1979); see also, Stockbridge v. Reeves, 640 So.2d 947
(Ala.Civ.App. 1994); and Williams v. Williams, 581 So.2d 1116
(Ala.Civ.App. 1991). Moreover, absent specific language declaring the award from the husband's military retirement benefits to be a property settlement, the legal assumption is that the award is periodic alimony. Broadus v. Broadus, 470 So.2d 1239
(Ala.Civ.App. 1985).
In a recent case involving a similar provision wherein the payments were partially contingent on the husband's life, this court concluded that "the language in the provision is unambiguous; therefore, the trial court erred as a matter of law in permitting the admission of extrinsic evidence, and in determining that the provision constituted an award of alimony in gross." Hughes v. Hughes, [Ms. 2950160, July 12, 1996] ___ So.2d ___, ___ (Ala.Civ.App. 1996). Based on the foregoing, I must respectfully dissent.