This is an appeal by the wife from the Circuit Court of Mobile County's dismissal of her motion to modify a 1952 divorce decree.
The 1952 divorce decree incorporated the terms of an agreement between the wife and her husband, appellee herein, in which the latter agreed to make monthly payments of $100 to the appellant-wife. After examination of this 1952 agreement and without hearing oral testimony, the trial court dismissed the wife's complaint which sought an increase in these monthly payments, stating that the periodic payments constituted property settlement payments which are not subject to modification by the court. The wife correctly contends that the trial court erred to reversal in this respect.
Appellee-husband and appellant-wife were divorced by decree of the Circuit Court of Mobile County in Equity on December 18, 1952. The wife's complaint in that action sought an "absolute divorce" and requested that the husband be ordered to make payments as provided in the "property settlement" agreement entered into between the parties. This agreement between the husband and wife was incorporated into the divorce decree by the court and was entitled an "indenture." Pertinent provisions from this agreement follow:
 "THAT, WHEREAS, the said Frank L. DuValle and Elizabeth S. DuValle are husband and wife, but have ceased to live together as such; and
 "WHEREAS, it is recognized that provision should be made for the support and maintenance of said Elizabeth S. DuValle and the two (2) minor children of the parties hereto:
 "NOW, THEREFORE, in consideration of the premises and the mutual covenants between the parties hereto, it is hereby agreed by and between said parties as follows:
. . . . .
"[T]he parties hereby agree . . . that . . .
. . . . .
 "Said Frank L. DuValle shall pay to said Elizabeth S. DuValle the sum of One Hundred Dollars ($100.00) per month, as alimony, such payments to be continued so long as said Elizabeth S. DuValle does not remarry; and said Frank L. DuValle shall not be required to make any other payments, whether as alimony, support, maintenance, or other allowance, for the benefit of said Elizabeth S. DuValle.
. . . . .
 "Said Frank L. DuValle shall convey to said Elizabeth S. DuValle all of his interest in said homeplace, and the furnishings and equipment thereof, and shall assume and agree to pay all installments of interest and principal which then remain unpaid on the indebtedness that is now secured by mortgage on said homeplace.
 "Except as herein expressly provided, said Elizabeth S. DuValle shall have no claims or rights against said Frank L. DuValle for alimony, dower, homestead, maintenance, support, or other allowance."
The agreement also stated that the wife was to have custody of the children and that the husband was to have reasonable visitation rights and pay $50 per month to the wife for the support of each child.
In January of 1976, the wife filed her complaint to modify the 1952 divorce decree, seeking an increase in alimony payments due to changed circumstances.
As previously stated, after examination of the complaint and answer, the latter having incorporated the 1952 divorce decree and "indenture", the trial court granted the husband's motion to dismiss. *Page 1069 
The wife thereafter filed this appeal.
She contends that the monthly payments she receives are periodic alimony and consequently are modifiable by the trial court. The husband contends that the payments made pursuant to the agreement are in the nature of a property settlement and therefore are not subject to modification by the trial court. The trial court agreed with the husband.
Agreements by which both property rights and rights of support and maintenance are settled consist of two categories. In the "severable combination", although both types of rights are fixed, the provisions as to each are severable and distinct so that the amount of alimony initially agreed upon by the parties may thereafter be modified by the trial court.
In the "integrated bargain" category of agreement, the amount of alimony to be paid for support and maintenance has been established by the parties by taking into account the property settlement features of the agreement. In other words, "`integrated bargain' agreements [provide] for both support and division of property, but with the entire provision for one spouse being in consideration for the entire provision for the other, so that the support and property terms are inseparable." 61 A.L.R.3d 520, 529. Alimony payments thus established may not thereafter be modified by the court without the consent of both parties.
The rationale for the latter principle is clear. The parties have agreed that the support payments and the provisions relating to the division of property are reciprocal consideration. To modify the alimony provision might drastically alter the entire character of the property settlement agreement to the detriment of one of the parties. Hence, the trial court may not modify the alimony provision of the "integrated bargain" without the consent of both parties.See Plumer v. Plumer, 48 Cal.2d 820, 313 P.2d 549 (1957); Foxv. Fox, 42 Cal.2d 49, 265 P.2d 881 (1954); Movius v. Movius,163 Mont. 463, 517 P.2d 884 (1974).
In this instance the trial court, subsequent to examination of the original 1952 agreement which was attached to the husband's motion to dismiss and without hearing oral testimony, dismissed the wife's complaint. To warrant dismissal pursuant to Rule 12 (b), ARCP, it must appear that the wife's complaint failed to state any grounds upon which a claim might be based. Generally, periodic alimony may be altered upon a showing of changed circumstances, which the wife's complaint alleged. Therefore, to sustain the trial court's ruling in this instance, the language of the "indenture" agreement itself must conclusively establish that the payments in question were actually either payments in the nature of a property settlement or alimony payments pursuant to an "integrated bargain." Examination of the cases cited by counsel for the appellee-husband in his excellent brief filed with this court and other pertinent decisions convinces us that the language contained within the agreement is — without other evidence — insufficient to sustain the finding of the trial court that the nature of the payments in question "was a property settlement and not in fact alimony."
Numerous factors indicate the payments are alimony, payments for support and maintenance, as opposed to payments in the nature of a property settlement. The agreement is not termed a "property settlement." Lane v. Lane, 117 Cal.App.2d 247,255 P.2d 110 (1953); Duncan v. Duncan, 25 Wn.2d 843, 172 P.2d 210
(1946). There is no measurable value to the payments. That is, the payments are not stated as a sum certain. Cochran v.Cochran, 289 Ala. 615, 269 So.2d 897 (1972); Fox v. Fox; Lanev. Lane; and Movius v. Movius, supra. There is no provision binding the husband's estate. Flowers v. Flowers, Ala.,334 So.2d 856 (1976); Movius, supra; Helvern v. Helvern,139 Cal.App.2d 819, 294 P.2d 482 (1956); Howell v. Howell, Fla.App., 164 So.2d 231 (1964). See Lane, supra; Roesbery v.Roesbery, 88 Idaho 514, 401 P.2d 805 (1965). Language in the agreement which indicates that the wife intended to relinquishall claims against her husband or that the payments were in lieu of her property rights or interest in her husband's property *Page 1070 
is absent. Sullivan v. Sullivan, 215 Ala. 627, 111 So. 911
(1927); Dexter v. Dexter, 42 Cal.2d 36, 265 P.2d 873 (1954);Rich v. Rich, 44 Cal.App.2d 526, 112 P.2d 780 (1941). No deposit of property was required by the husband to insure that he could continue the monthly payments to the wife. SeeConstantine v. Constantine, 274 Ala. 374, 149 So.2d 262 (1963);Sullivan, supra. There is no indication that the parties intended the agreement to constitute a final settlement of all property rights between them. See Lane, supra. Additionally, the payments were to terminate in the event of appellant-wife's remarriage, and they were specifically denoted "alimony" by the parties. Constantine; Lane; Rich; and Movius, supra.
In each of the above decisions, the issue before the court was identical to that posed here. The courts utilized the factors indicated to ascertain the character of the payments in question. Here, analysis of the agreement between the husband and wife with due regard to these factors convinces us that the trial court erred in holding, solely on the basis of the language in the agreement, that the payments were in the nature of a property settlement and not alimony.
Similarly, the agreement does not contain language to justify holding, as a matter of law, that it constitutes an "integrated bargain." To warrant such a holding, a more pronounced intent to finally settle all claims of property rights and rights of maintenance and support is required. In the following cases, the quoted language is contained in agreements wherein payments have been determined to have been made pursuant to an integrated bargain. "[T]his agreement is intended to be and is a full, final, and complete settlement of the property rights of the parties hereto." Anderson v. Mart, 47 Cal.2d 274,303 P.2d 539 (1956); ". . . for and in consideration of the permanent and lasting division and settlement of all their property rights of every kind and nature, whether separate or community property, . .", Messenger v. Messenger, 46 Cal.2d 619, 297 P.2d 988 (1956); "`That the execution of this agreement shall be and is intended to be a full, complete and final adjustment of all of the property rights, including the community property rights, of each of the parties hereto.' . . . `and that neither party shall or will at any time hereafter make or attempt to make any further or other claims against the other party hereto, . . .'", Helvern, supra; "[T]he parties are desirous of settling all property claims . . . that either may have against the other, and . . . the parties . . . now intend to and do hereby adjust and finally settle . . . all property rights. . . . It is further understood and agreed between the parties hereto that the provisions hereinbefore made for the [wife] shall constitute a full and complete satisfaction of all claims and demands of the [wife] against the [husband]. . . .Sasanoff v. Sasanoff, 120 Cal.App.2d 120, 260 P.2d 840 (1953). Examination of the relevant provisions of the agreement in this case set forth, supra, discloses no declaration of intent comparable to that in the above quoted cases. Moreover, provisions for alimony payments have been held to be severable and thus modifiable in instances where declarations within the agreement have evinced a more pronounced intent to finally settle all property rights than do those contained within the agreement before this court. Sprenger v. Superior Court,268 Cal.App.2d 857, 74 Cal.Rptr. 638 (1969); Werner v. Werner,120 Cal.App.2d 248, 260 P.2d 961 (1953); Briggs v. Briggs, 178 Or. 193, 165 P.2d 772 (1946); Prime v. Prime, 172 Or. 34,139 P.2d 550 (1943). Hence, as a matter of law, the agreement cannot be held to fall within the "integrated bargain" category of agreement.
The plain language of the agreement in question yields two equally plausible interpretations. The provisions stating that it is recognized that "support and maintenance" should be provided for the wife and that the appellee-husband is to pay appellant-wife $100 per month as "alimony" support the wife's contention that the payments are alimony and subject to modification. On the other hand, those portions of the *Page 1071 
agreement which state "in consideration of the premises and mutual covenants between the parties" and the wife "shall have no claims or rights against [the husband] for alimony, dower, homestead, maintenance, support, or other allowance" strengthen the husband's argument that the payments are in the nature of a property settlement.
As appellee-husband notes, in order to characterize the agreement we must look to the intent of the parties. Here the agreement, since it is equally susceptible of two interpretations, is ambiguous on its face.
 "[I]f the language of a written agreement is on its face ambiguous, the courts will look at the surrounding circumstances, at the situation of the parties, and the subject matter of the contract for aid in giving a construction to its language. . . ."
. . . . .
 "The courts, in construing contracts, are entitled to have all the facts and circumstances going to show the conditions under which the parties contracted and what influenced them, to the end that the contract may be construed to give it such effect as the parties intended. . . .
 "To arrive at the true sense in which parties have employed words of a written contract, courts may consider the occasion which gives rise to the contract, relation of the parties, and object to be accomplished. . . .
 "Since it is only by parol evidence that the circumstances under which a contract was made, relation of the parties and what was within their mutual knowledge, can be ascertained, admission of such evidence does not infringe the rule that evidence is not admissible to contradict, add to, or vary written contract. . . ." Flagg-Utica Corporation v. City of Florence, 275 Ala. 475, 480-81, 156 So.2d 338, 342-43 (1963).
See U.S. Fidelity Guaranty v. Elba Wood Products, Ala.,337 So.2d 1305 (1976); Flowers, supra; Scherf v. Renfroe, 266 Ala. 35, 93 So.2d 402 (1957).
The trial court dismissed the wife's complaint without permitting her to introduce evidence which would have shed light on the parties' intent at the execution of the agreement. Since the language within the agreement is itself insufficient to sustain a finding either that the payments were in the nature of a property settlement or that the agreement constitutes an integrated bargain, it follows that the trial court erred in dismissing appellant-wife's complaint.
REVERSED AND REMANDED FOR PROCEEDINGS NOT INCONSISTENT WITH THIS OPINION.
WRIGHT, P.J., and BRADLEY, J., concur.