Lenore and Don Smith were divorced from their marriage of thirteen years in December 1970. The divorce decree incorporated and approved an agreement of the parties. As part of that agreement, the husband was required to pay to the wife $50,000 per year, in quarterly installments.
The wife had remarried in 1978. In December 1984, the husband notified the wife that, because she had remarried, he was terminating the quarterly payments. In June 1985, the wife filed a complaint seeking, among other things, a declaratory judgment that the parties' agreement concerning the payments remain in effect; a money judgment against the husband for an arrearage; and a judgment requiring the husband to specifically perform the divorce agreement. The husband filed an answer and a counterclaim in which he contended that the payments constituted periodic alimony, and that his obligation to make them ceased when the wife remarried. He asked the court to issue an order terminating the payments pursuant to § 30-2-55, Code of Alabama 1975.
The parties filed cross-motions for summary judgment supported by affidavits and exhibits. Subsequently, each party also filed a motion to strike portions of the opposing party's supporting affidavits. On January 31, 1986, the trial court issued an order denying the wife's motion for summary judgment and dismissing her complaint with prejudice. The husband's motion for summary judgment was granted. The court specifically found the payments to constitute periodic alimony and terminated the husband's obligation to make them. The order contained no express ruling on the motions to strike. The wife's motion to alter, amend or vacate the judgment was, in substance, denied. The wife appeals.
A summary judgment may be granted only if the trial court determines that (1) there is no genuine issue of material fact in the case and that (2) the moving party is entitled to judgment as a matter of law. Silk v. Merrill Lynch, Pierce,Fenner Smith, Inc., 437 So.2d 112 (Ala. 1983).
Further, as has been explained by our supreme court, where cross-motions for summary judgment occur:
 "[T]he burden remains on each movant to establish the propriety of the court entering summary judgment on its own motion. (Citations omitted.) The fact that the first party fails to carry the burden on his motion does not necessarily mean that the other party has carried the burden under his own motion and should be granted summary judgment. (Citations omitted.)"
Amason v. First State Bank of Lineville, 369 So.2d 547, 552
(Ala. 1979). See also Taylor v. Waters, 477 So.2d 441
(Ala.Civ.App. 1985).
From our examination of the record, we are convinced that the instant case is an example of a case where neither party has carried his burden on his respective motion. Therefore, the issue presented was not ripe for summary judgment. See Amasonsupra.
The relative positions of the parties may be stated as follows: The husband argues that the payments at issue constitute periodic alimony which, pursuant to § 30-2-55, must be terminated because of the wife's remarriage. On the other hand, the wife argues that the payments are not periodic alimony. Instead, she argues that they constitute one of the following: (1) part of a non-modifiable integrated bargain agreement, or (2) alimony in gross and/or a property settlement, or (3) payments enforceable through an action on a contract independent of the divorce decree. To understand this court's decision, one must recognize how the concepts argued by the parties relate to each other.
Periodic alimony is an allowance for the future support of the receiving spouse payable from the current earnings of the paying spouse. Hager v. Hager, 293 Ala. 47, 299 So.2d 743
(1974). Alimony in gross, on the other hand, is the present value of the receiving spouse's inchoate marital rights and is payable out of the paying spouse's *Page 11 
present estate as it exists at the time of the divorce.Id.
When an agreement between the parties provides for the payment of periodic alimony, and this agreement is adopted by the court in its decree, the provision for periodic alimony becomes merged into the decree and thereby loses its contractual nature, at least to the extent that the court has the power to modify it when changed circumstances so justify.Block v. Block, 281 Ala. 214, 201 So.2d 51 (1967). See Oliverv. Oliver, 431 So.2d 1271 (Ala.Civ.App. 1983). No agreement of the parties can remove the court's power to so modify the judgment. Block, supra. However, if the payments are made pursuant to a contract independent of the divorce decree, and this agreement has not merged into the decree, the payments cannot be regarded as periodic alimony. Harrison v. Harrison, [Ms. May 21, 1986] (Ala.Civ.App. 1996). See East v. East,395 So.2d 78 (Ala.Civ.App. 1980), cert. denied, 395 So.2d 82
(Ala. 1981). The question of whether a separation agreement or a property settlement is merged in the decree or survives as an independent contract depends upon the intention of the parties and the court which entered the decree. East, supra.
As explained by this court in Du Valle v. Du Valle,348 So.2d 1067 (Ala.Civ.App. 1977):
 "Agreements by which both property rights and rights of support and maintenance are settled consist of two categories. In the 'severable combination', although both types of rights are fixed, the provisions as to each are severable and distinct so that the amount of alimony initially agreed upon by the parties may thereafter be modified by the trial court.
 "In the 'integrated bargain' category of agreement, the amount of alimony to be paid for support and maintenance has been established by the parties by taking into account the property settlement features of the agreement. In other words, ' "integrated bargain" ' agreements [provide] for both support and division of property, but with the entire provision for one spouse being in consideration for the entire
provision for the other, so that the support and property terms are inseparable.' 61 A.L.R.3d 520, 529. Alimony payments thus established may not thereafter be modified by the court without the consent of both parties.
 "The rationale for the latter principle is clear. The parties have agreed that the support payments and the provisions relating to the division of property are reciprocal consideration. To modify the alimony provision might drastically alter the entire character of the property settlement agreement to the detriment of one of the parties. Hence, the trial court may not modify the alimony provision of the 'integrated bargain' without the consent of both parties. See Plumer v. Plumer, 48 Cal.2d 820, 313 P.2d 549 (1957); Fox v. Fox, 42 Cal.2d 49, 265 P.2d 881 (1954); Movius v. Movius, 163 Mont. 463, 517 P.2d 884 (1974)."
See Tucker v. Tucker, 416 So.2d 1053 (Ala.Civ.App. 1982);Higginbotham v. Higginbotham, 367 So.2d 972
(Ala.Civ.App. 1979); Du Valle, supra.
Consequently, payments made for support and maintenance pursuant to an integrated bargain would not be considered periodic alimony. Tucker, supra; Higginbotham, supra.
Our examination of the decree in this case reveals a number of factors which indicate that the payments were intended to be periodic alimony: Paragraph 6 of the agreement provides that the payments are to be made "for the support and maintenance" of the wife; they are referred to as "periodic alimony" in this paragraph; they were to cease upon the wife's death; and they are of an indefinite value or uncertain sum. See Du Valle,supra. However, there also exists language in the decree which could lead to the inference that the parties did not intend for these payments to constitute periodic alimony; but instead, that they should constitute either a part of the property settlement agreement, or part of a contract independent of the divorce *Page 12 
decree: Paragraph 7 of the agreement provides that:
 "Wife accepts the foregoing in full and final settlement and satisfaction of Husband's obligations and liabilities to her, including, but not by way of limitation, all of her property rights, rights of support and maintenance, alimony, dower and homestead rights, and any and all other rights accruing out of or arising from their marriage relationship of husband and wife. It is agreed that the foregoing constitutes a just and proper settlement and is in keeping with her accustomed mode of living, reasonable requirements, and station in life."
See Du Valle, supra. Similarly, Paragraph 1 of the agreement provides in part that:
 "This agreement is subject to the approval of the Court; provided, however, that after said Court's approval this agreement shall thereupon be forever binding on the parties hereto, their personal representatives, heirs, and assigns, notwithstanding any future or subsequent Court orders or decrees and this agreement shall survive any such future or subsequent Court orders or decrees and is not subject to future modification by any Court."
See Harrison, supra; Du Valle, supra. Further, there exists language from which one might infer that these payments were intended to be binding on the husband's estate. See Du Valle,supra.
Because this agreement is equally susceptible of more than one interpretation, it is ambiguous on its face. As explained in Du Valle:
 " '[I]f the language of a written agreement is on its face ambiguous, the courts will look at the surrounding circumstances, at the situation of the parties, and the subject matter of the contract for aid in giving a construction to its language. . . .'
" '. . . .
 " 'The courts, in construing contracts, are entitled to have all the facts and circumstances going to show the conditions under which the parties contracted and what influenced them, to the end that the contract may be construed to give it such effect as the parties intended. . . .
 " 'To arrive at the true sense in which parties have employed words of a written contract, courts may consider the occasion which gives rise to the contract, relation of the parties, and object to be accomplished. . . .
 " 'Since it is only by parol evidence that the circumstances under which a contract was made, relation of the parties and what was within their mutual knowledge, can be ascertained, admission of such evidence does not infringe the rule that evidence is not admissible to contradict, add to, or vary written contract. . . .' "
Quoting Flagg-Utica Corporation v. City of Florence, 275 Ala. 475, 156 So.2d 338 (1963).
Our examination of the affidavits submitted by the parties sheds very little light upon the question of what the parties' intent was at the time they entered into this agreement. Basically, the husband's affidavits contend that the agreement was intended to provide for periodic alimony; the wife's affidavits contend that the agreement was intended to be either an integrated bargain or a contract independent of the divorce decree. Far short of establishing that there is no genuine issue of material fact, these affidavits tend to establish that such an issue as to the parties' intent does exist.
In summary, our examination of the record indicates that there is at least a scintilla of evidence from which an inference favorable to the arguments of each party may be made as to the issue of their intent at the time the agreement was entered into. Under such circumstances, summary judgment for either party is premature. See Amason, supra.
We note that this court's decision on the foregoing makes unnecessary a discussion of the wife's estoppel and constitutional arguments. Further, our decision makes it *Page 13 
unnecessary to determine whether the motions to strike parts of the supporting affidavits should have been granted. However, nothing in this decision should be taken as a finding by this court that all of the evidence contained in these supporting affidavits would be admissible at trial. Such decisions must await the sound judgment of the trial court.
In light of the foregoing, that part of the trial court's order which denied the wife's motion for summary judgment is affirmed. However, that part of the order which granted summary judgment to the husband is reversed. This cause is remanded to the trial court so that a full hearing on the merits may be held.
AFFIRMED IN PART; REVERSED IN PART AND REMANDED WITH DIRECTIONS.
BRADLEY and HOLMES, JJ., concur.