The parties in this case were divorced in 1980. A separation agreement or property settlement was entered by the parties and adopted and incorporated by the trial court in the judgment of divorce. As a part of the agreement, the husband obligated himself to pay to wife the amount of $350 per week as periodic alimony. Such payment was to be made until the wife died or remarried. If the husband died, his estate was obligated to continue such payment.
This case arose by the former husband (husband) filing a petition to modify the divorce judgment by reducing or eliminating the payment of periodic alimony. After taking evidence ore tenus the trial court entered judgment modifying the original divorce judgment by reducing the periodic alimony from $350 per week to $200 per week.
The former wife (wife) appeals. The husband cross-appeals. The wife presents two issues on appeal. The first issue presented is whether the agreement of the parties adopted in the original decree was an integrated or inseparable bargain concluding all rights of the parties as to property and support and thus nonmodifiable. *Page 309 
This issue was presented to the court at trial and was specifically determined adversely to the wife.
The principle of non-modifiability of an agreement of the parties found to be an integrated bargain was first recognized by this court in the case of DuValle v. DuValle, 348 So.2d 1067
(Ala.Civ.App. 1977). We said in DuValle that an "integrated bargain" was an agreement providing for support/alimony and division of property with the entire provision for one spouse being in consideration of the entire provision for the other, so that the support/alimony and property terms are inseparable. In such an agreement the provisions for the benefit of each party are reciprocal and dependent. To modify or change any one of the provisions alters the entire bargain. Thus no modification is possible without consent of the parties.DuValle, supra.
In the absence of an express and conclusive declaration in the agreement, the determination of whether the payment of alimony set out is a part of an entire property settlement or integrated bargain must be made from evidence of the intent of the parties. That intent, as in the case of any agreement not clear on its face, must be determined by reading the agreement in the light of the surrounding circumstances and the situation of the parties at the time of execution. DuValle, supra;Flowers v. Flowers, 334 So.2d 856 (Ala. 1976); Tucker v.Tucker, 416 So.2d 1053 (Ala.Civ.App. 1982).
The trial court in this case considered the factors from which an integrated bargain may be determined, which we set out in DuValle. The court heard testimony of the circumstances surrounding the making of the agreement. It found that some of the factors tending to show that the agreement is an integrated bargain were present in the instrument or indicated by the evidence presented. However, the court found that others were not. The intent of the parties was therefore ar issue of fact for the court to decide. Our examination of the agreement, the testimony and the finding of the court, when viewed with the attending presumption of correctness, fails to convince this court that such finding is clearly wrong or unjust.
The second issue presented by the wife is whether the husband supported his petition for modification by sufficient evidence of a change of circumstances since the judgment of divorce. This issue presents another issue of fact. There was evidence that the husband was no longer president of the corporation which he owned and where he had drawn a salary of $650 per week. He was now drawing Social Security and received income from a small shopping center. The center was of the appraised value of one-half million dollars but was mortgaged for over $160,000. The husband owned other real property which produced no income.
We find again from the testimony that there is evidence to support the determination of the trial court that the husband's present earnings have decreased since his retirement. Such decrease is a sufficient material change of circumstance to support the ordered decrease of alimony. Taylor v. Taylor,418 So.2d 148 (Ala.Civ.App. 1982).
 CROSS-APPEAL
The same documentary evidence and oral testimony, which the wife contends insufficient to support a reduction in alimony, the husband contends to be so strong as to warrant total elimination of alimony. Clearly, both parties cannot be correct. Though the salary drawn from his corporation may have been lost upon retirement of the husband, there are reasonable inferences that there remains income from rents and certainly real assets from which source the required alimony may be paid. The trial court was better placed to make such a judgment than is this court. Therefore, the judgment below is presumed correct and is affirmed in all respects.
This opinion was prepared by Retired Appellate Judge L. CHARLES WRIGHT while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e) of the Code of Alabama *Page 310 
1975, and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.