THIGPEN, Judge.
This divorce case involves an award of periodic alimony and a separation agreement.
*305 The record reveals that George Steven Drescher and Donna Marie Drescher married in 1970 and separated in 1988, pursuant to a written agreement, which was incorporated into a judgment ordered by the trial court as provided for in Ala.Code 1975, § 30-2-30. In the agreement, both parties “recognize that there is no periodic alimony awarded.” After living separate and apart for approximately six months, the wife, alleging that the husband was living with his paramour and was planning to remarry, filed for divorce a vinculo, pursuant to Ala.Code 1975, § 30-2-1.
Following ore tenus proceedings, which included extensive testimony of the husband’s adulterous relationship, the difficulties attendant to the marriage, and the parties’ intent concerning the separation agreement, the trial court divorced the parties in January 1992, for and on account of incompatibility of temperament. The divorce judgment incorporated specific portions of the separation agreement “as concerns the issues of custody and child support.” Further, the divorce judgment effected a property division and it awarded the wife periodic alimony. Hence, this appeal.
On appeal, the husband contends that the trial court erred in awarding periodic alimony to the wife because he claims that the separation agreement specified that no alimony would be awarded. He further argues that the separation agreement was an “integrated bargain” which the trial court could not alter.
We note at the outset that this court reviews the trial court’s judgment with a presumption of correctness since the trial court heard the testimony, viewed the witnesses, and considered the evidence. This court, therefore, will not reverse that judgment unless it is shown to be plainly and palpably wrong. Latham v. Latham, 570 So.2d 694 (Ala.Civ.App.1990).
The husband contends that this court should consider the separation agreement incorporated into the separate maintenance judgment as an “integrated bargain” as defined in DuValle v. DuValle, 348 So.2d 1067 (Ala.Civ.App.1977). We find, however, that DuValle, supra, is not applicable to the instant case.
In DuValle, supra, the divorce decree incorporated the terms of an agreement between the parties which provided for a property settlement and which resolved the issues of support and alimony. The original complaint filed in DuValle was for a divorce a vinculo, and the agreement was entered in contemplation of divorce.
Record evidence reveals that the agreement in the instant case was, by its own specific terms, an agreement entered in contemplation of a divorce a mensa et thoro pursuant to Ala.Code 1975, § 30-2-30. The wife’s testimony was very clear that she entered into that separation agreement because of her religious beliefs against divorce and because of a need to provide for the children of the marriage. She further testified that “I had hoped for some reconciliation. Steve had done this before, I didn’t think it would last.”
Our Supreme Court stated in Rowe v. Rowe, 256 Ala. 491, 493, 55 So.2d 749, 751 (1951):
“In the absence of statute, the court in a separate maintenance proceeding generally is without power to adjudicate the respective property rights of the parties or award specific property of the husband to the wife.... ”
(Citation omitted.) As stated in DuValle, “ ‘integrated bargain agreements’ [provide] for both support and division of property, but with the entire provision for one spouse being in consideration for the entire provision for the other, so that the support and property terms are inseparable.” DuValle at 1069. (Emphasis supplied.) (Citation omitted.)
In the instant case, there was a judgment entered in the case action summary indicating that earlier in these proceedings, the trial court considered whether the separation agreement was a complete indivisible agreement, or merely an agreement which, in its discretion, it could utilize piecemeal in the divorce action. On August 14, 1990, the trial court entered a judgment recognizing the holding in Rowe, supra, and ruling *306 that “all issues except child custody and support will be litigated.” Consistent with that holding, in January 1992, the trial court adopted in the final divorce judgment specific paragraphs of the agreement concerning custody and child support, and entered its own judgment regarding other aspects of the divorce.
When the intent of the parties to an agreement in a divorce case is uncertain, the trial court determines the intent “by reading the agreement in light of the surrounding circumstances and the situation of the parties at the time of execution.” Oliver v. Oliver, 504 So.2d 308 (Ala.Civ.App.1987). Clearly in this case, the trial court heard testimony from the parties regarding the circumstances surrounding the making of the agreement. It is apparent from the record that, after having considered the circumstances surrounding the agreement, the trial court determined that it was not an integrated bargain as the husband argues. The evidence supports that determination and we find no error. The property settlement provisions having been removed and relitigated, no “integrated bargain” existed; thus it was not an abuse of discretion to award periodic alimony to the wife. Further, it is well established that the trial court is not bound by an agreement of the parties in contemplation of a divorce. The trial court may accept and incorporate such an agreement in its judgment or reject it in whole or in part. Bass v. Bass, 434 So.2d 280 (Ala.Civ.App.1983).
In view of the above and for the foregoing reasons, the judgment of the trial court is due to be, and it is hereby, affirmed.
AFFIRMED.
ROBERTSON, P.J., and YATES, J„ concur.