Douglas Bain signed an employment contract with John Gartrell in February 1988. The agreement provided in pertinent part the following: "Minimum compensation for the first year will be $3,500.00 per month." In September 1988 Gartrell asked for Bain's resignation. Bain resigned accordingly.
In February 1994 Bain filed an action against Gartrell, alleging breach of an employment contract. Bain claimed that the contract guaranteed employment for one year. He requested that he be awarded $25,000 in compensatory damages and court costs.
Following oral proceedings without a jury, the trial court disagreed with Bain's assessment of the contract and denied relief. The court found that the contract did not provide for a term of employment for one year and that there was no verbal agreement for a term of employment for one year. Bain appeals. This case is before this court pursuant to § 12-2-7(6), Code 1975.
Bain asserts that the terms of the contract were clear and unambiguous. He insists that the provision in the contract providing that "[m]inimum compensation for the first year will be $3,500.00 per month" connoted an unequivocal contract for a one-year employment. He contends, therefore, that Gartrell breached the contract when Gartrell forced him to resign in September 1988.
It is well established that employment is terminable at will by either party for any reason unless there is a specific and express contract for lifetime employment or employment for a specific duration. Howard v. Wolff Broadcasting Corp.,611 So.2d 307 (Ala. 1992). Employees bear a heavy burden to prove that the employment relationship is other than "at will."Howard. "The law considers lifetime or permanent employment contracts to be extraordinary and not lightly to be implied."Howard.
Whether an agreement is ambiguous is a question of law for the trial court. F.W. Woolworth Co. v. Grimmer, 601 So.2d 1043
(Ala.Civ.App. 1992). When the agreement is reasonably susceptible to more than one meaning, an ambiguity exists. F.W.Woolworth. Where an ambiguity exists, the trial court may admit parol evidence to explain or clarify the ambiguity. F.W.Woolworth. Once the trial court finds the agreement to be ambiguous in any respect, determination of the true meaning of the agreement is a question for the trial court. Martin v.Ross, 608 So.2d 399 (Ala.Civ.App. 1992).
On appeal, the findings of fact by a trial court following a determination that an ambiguity exists are accorded a heavy presumption of validity and will not be disturbed unless palpably erroneous. Martin.
The trial court found the pertinent provision of the agreement to be ambiguous and allowed extrinsic evidence to explain the parties' intent concerning the provision.
Bain testified that it was his understanding from the agreement that he would be employed for the minimum of one year. He stated, however, that Gartrell never told him that he would definitely be employed for one year. Gartrell testified that Bain never requested a guaranteed agreement for one year. Gartrell stated that he drew up the contract and inserted the provision in question as a "basic point concerning employment." Gartrell testified that he did not have an agreement with any of his employees for a specific duration of employment.
We find the pertinent provision of the agreement to be vague, ambiguous, and uncertain in its terms. The trial court's findings of fact pertaining to that ambiguity are not palpably erroneous. Martin. We further find that Bain failed to meet his heavy burden in establishing that the employment relationship was anything other than "at will." Howard.
The judgment of the trial court is affirmed. *Page 525 
The foregoing opinion was prepared by Retired Appellate Judge L. CHARLES WRIGHT while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975.
AFFIRMED.
All the Judges concur.