YATES, Judge.
This is a divorce modification case.
The trial court divorced the parties in 1985. The divorce judgment incorporated an agreement of the parties stating, among other things, that the husband would pay to the wife alimony for 10 years. In October 1994, the wife petitioned for an extension of alimony; the husband moved to dismiss her petition, arguing that the agreement of the parties was an integrated agreement and could not be modified without the express consent of the parties. The court denied the motion to dismiss. After an ore tenus proceeding, the court extended the periodic alimony payments for three years. The husband appeals, contending that the court erred: (1) in extending the alimony beyond the 10-year period; and (2) in not allowing him to present evidence regarding his claim that the agreement was an integrated bargain.
The agreement of the parties stated: “[T]he [wife] and [husband] agree that ... this Agreement shall constitute full and complete settlement between them.” It further stated:
“The [wife] and [husband] hereby acknowledge that this Agreement is the total and complete Agreement of the parties, and there are no prior or contemporaneous agreements between the parties not included herein, and that there are no warranties or other representations other than as set forth herein. Furthermore, the parties agree that no modification or waiver of any of the provisions of this Agreement shall be effective unless made in writing and executed between the parties with the same formality as this Agreement.”
At the hearing, the trial judge stated in open court that he had determined that the agreement was not an integrated agreement, based, in part, on the fact that his predecessor had denied the husband’s motion to dismiss. He interpreted that denial to be a rejection of the husband’s integrated agreement argument.
This court has previously held that if the language of an agreement of the parties is ambiguous, the determination of whether the agreement is an integrated bargain must be made from the evidence of the intent of the parties. Oliver v. Oliver, 504 So.2d 308, 309 (Ala.Civ.App.1987). However, the plain language of the agreement at issue in the instant case clearly makes it an integrated bargain agreement.
“Agreements by which both property rights and rights of support and maintenance are settled consist of two categories. In the ‘severable combination,’ although both types of rights are fixed, the provisions as to each are severable and distinct so that the amount of alimony initially agreed upon by the parties may thereafter be modified by the trial court.
“In the.‘integrated bargain’ category of agreement, the amount of alimony to be paid for support and maintenance has been established by the parties by taking into account the property settlement features of the agreement. In other words, ‘ “integrated bargain” agreements [provide] for both support and division of property, but with the entire provision for one spouse being in consideration for the entire provision for the other, so that the support and property terms are inseparable.’ Alimony payments thus established may not thereafter be modified by the court without the consent of both parties.
“The rationale for the latter principle is clear. The parties have agreed that the support payments and the provisions relating to the division of property are reciprocal consideration. To modify the alimony provision might drastically alter the entire character of the property settlement agreement to the detriment of one of the parties. Hence, the trial court may not modify the alimony provision of the ‘integrated bargain’ without the consent of both parties.”
DuValle v. DuValle, 348 So.2d 1067, 1069 (Ala.Civ.App.1977) (citation omitted).
We conclude that the trial court erred in extending the husband’s 10-year obligation to pay alimony; therefore, the judgment is reversed and the case is remanded for the court to enter an order consistent with this opinion.
*1109 REVERSED AND REMANDED WITH INSTRUCTIONS.
MONROE, CRAWLEY, and THOMPSON, JJ., concur.
ROBERTSON, P.J., concurs in the result.