MONROE, Judge.
Robert C. Gignilliat, the husband, and Helen A. Gignilliat, the wife, were divorced on March 21, 1995, after 30 years of marriage. On October 29, 1997, the husband filed a petition to modify his periodic alimony obligation. The wife answered and petitioned for a rule nisi, asking the court to hold the husband in contempt for his failure to pay periodic alimony. The wife claimed that the husband was $24,327 in arrears on his alimony obligation, and that he was not paying the wife 30% of his military retirement pay as he had been ordered to do in the original divorce judgment.
After an ore tenus hearing, the trial court refused to modify the husband’s alimony obligation of $1,216.35 a month. The court found the husband in contempt for his failure to pay periodic alimony and ordered him to pay $27,776 in arrearage. The husband also was required to file the necessary paperwork to have the Air Force pay 30% of his monthly retirement benefits directly to the wife. The court also ordered the husband to pay the wife an attorney fee of $1,500. The husband appeals.
The husband first contends that the trial court did not rule on his petition to modify. It is true that the trial court did not explicitly say, “I deny your petition to modify your periodic alimony obligation.” However, in its five-page judgment, the trial court did say, “The Court FINDS that the [husband] has had and does now have the resources and financial ability to pay the alimony which he agreed to pay....” The court then went on to hold the husband $27,776 in arrears. Reading the judgment, we think it apparent that the trial court denied the husband’s petition to modify. This issue is without merit.
The husband also contends that the trial court erred in finding him in contempt for his failure to make alimony payments as ordered in the original divorce judgment. Specifically, the husband argues that he failed to make his alimony payments because of an inability to pay, rather than contumacy. Therefore, he says, the trial court erred in finding him in contempt.
“[W]hether a party is in [civil] contempt of court is a determination committed to the sound discretion of the trial court, and, absent an abuse of that discretion or unless the judgment of the trial court is unsupported by the evidence so as to be plainly and palpably wrong, this court will affirm.”
Stack v. Stack, 646 So.2d 51, 56 (Ala.Civ.App.1994).
The evidence shows that the husband draws a pension from the United States Air Force; he has about $300,000 in BellSouth corporate stock; he has made little effort to find a full-time job since his temporary job ended in 1996; and, according to the wife’s testimony, the husband has often said he *92 does not want to work because he does not want to pay alimony. Based on the evidence, we cannot say that the trial court’s finding that the husband’s failure to meet his alimony obligation was due to willful contumacy rather than an inability to pay is plainly and palpably wrong. Therefore, that portion of the judgment holding the husband in contempt is affirmed.
The husband also argues that the trial court “incorrectly ruled that the alimony provision of the agreement incorporated into the divorce decree was part of an integrated bargain agreement, [a fact] which would ... prevent the Court from modifying the agreement.” Specifically, the husband says, there is insufficient evidence to support the trial court’s finding that the alimony provision was part of an integrated agreement.
There are two types of agreements settling property rights and rights of support in divorce matters. The first is the “severa-ble combination,” in which, “although both types of rights are fixed, the provisions as to each are severable and distinct so that the amount of alimony initially agreed upon by the parties may thereafter be modified by the trial court.” Duvalle v. Duvalle, 348 So.2d 1067, 1069 (Ala.Civ.App.1977). The second is the “integrated bargain” form of agreement, which provides for “support and division of property, but with the entire provision for one spouse being in consideration for the entire provision for the other, so that the support and property terms are inseparable.” Id. Alimony obligations determined as part of an “integrated bargain” agreement cannot be modified without the consent of both parties. Id.
The record shows that in entering the original divorce judgment in 1995, the trial court incorporated into the judgment an agreement between the parties. In its order denying the husband’s request for modification, the trial court found “that the [husband’s] obligation to pay alimony was part of an integrated bargain agreement in which real estate and personal property were divided according to agreements between the parties and in which agreements concerning the payment of debts, payment of attorney’s fees, and other matters were finalized.” Merely because the amount of alimony was established at the same time the division of property and debts was agreed upon does not, in itself, show that the parties related alimony to the property division. As mentioned above, “severable combination” agreements also establish alimony and property rights.
In Duvalle, supra, this court reversed the judgment of the trial court holding that the parties had an “integrated bargain” agreement. It reversed because there was no evidence that alimony payments were in lieu of property rights or the wife’s interest in the husband’ property; no deposit of property was required on the part of the husband to ensure that he could make monthly payments to the wife; and there was no indication that the parties intended their agreement to constitute a final settlement of all property rights between them. The court also noted that in the Duvalle agreement the alimony payments were to end if the wife remarried and the parties had specifically denoted the payments as “alimony.”
As in Duvalle, there is nothing in the record before us to indicate whether the parties’ agreement is a “severable combination” agreement or an “integrated bargain” agreement. Like the agreement in Duvalle, the agreement denotes the support payments to the wife as “alimony” and provides that the payments 'will end if the wife remarries or cohabitates with a member of the opposite sex. The agreement also provides that the payments will end when the wife obtains a full-time job earning at least $15,000 a year and holds that job for at least 90 consecutive days. The evidence is insufficient to support the trial court’s determination that the agreement between the parties is an integrated bargain agreement and, thus, not subject to modification without the consent of both parties. Therefore, that portion of the judgment denying the husband’s alimony modification request is reversed and the case is remanded for the trial court to rule on the husband’s modification petition.
The wife’s request for an attorney fee is denied.
*93 AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.
ROBERTSON, P.J., and YATES, CRAWLEY, and THOMPSON, JJ., concur.