J.M Cain, Jr., sued Charles L. Saunders, Jr. The action was related to Saunders's agreement to guarantee certain debts of Cain. Saunders moved for a summary judgment. On August 26, 1999, the trial court entered a partial summary judgment in favor of Saunders on three of Cain's claims, but it denied Saunders's motion for a summary judgment on Cain's breach-of-contract claim and his claim alleging failure *Page 893 
to act in a commercially reasonable manner.
On January 24, 2000, Cain and Saunders mediated the remainder of the action and reached an agreement; the parties executed a written settlement agreement. On April 25, 2000, Saunders filed a motion seeking to have the settlement agreement enforced. On June 14, 2000, the trial court conducted a hearing on Saunders's motion and heard ore tenus evidence. On June 15, 2000, the trial court entered a judgment "in accordance with" the terms of the settlement agreement. Cain appealed.
The relevant portion of the parties' settlement agreement provides: "3. Mr. Saunders will transfer ownership of the 2 [MONY] policies (death benefit of $19,022 and $12,300) to Mr. Cain. Saunders waives and releases any claim to all policies identified in the August 14, 1991, document."
During the June 14, 2000, hearing on his motion to enforce the parties' settlement agreement, Saunders objected to Cain's testimony regarding Cain's understanding of the cash values of the life-insurance policies; Saunders argued that the parties' settlement agreement was not ambiguous and that, therefore, parol evidence was not admissible. Saunders also objected to Cain's testimony regarding the positions the parties took during the course of their mediation; he argued that that testimony was barred by Rule 11, Alabama Civil Court Mediation Rules, which provides that information used in a mediation is confidential. The trial court granted Saunders continuing objections to all of that testimony. The trial court stated that it would consider the testimony only if it determined that the parties' settlement agreement was ambiguous.
At the June 14, 2000, hearing, Cain testified that he thought the two life-insurance policies referenced in paragraph 3 of the parties' settlement agreement had a total cash value of approximately $20,000. In fact, the combined cash value of those two policies was less than $10,000. Saunders testified that he also thought the life-insurance policies' cash values were higher. Cain testified that he would not have entered into the settlement agreement had he known the actual cash values of the two life-insurance policies.
In its judgment, the trial court determined that paragraph 3 of the parties' settlement agreement was not ambiguous and that, therefore, the agreement was due to be enforced. The trial court entered a judgment incorporating the terms of the parties' settlement agreement.
In his brief on appeal, Cain argues that the parties' settlement agreement should be set aside on the grounds of mutual mistake and because there was no "meeting of the minds." However, before the trial court, Cain did not seek to rescind or set aside the settlement agreement. He did not file any motion seeking such relief in the trial court, and he did not file any document in opposition to Saunders's motion to enforce the settlement agreement. At the June 14, 2000, hearing, Saunders objected to Cain's attempts to introduce parol evidence regarding the parties' beliefs regarding the cash values of the life-insurance policies. The trial court granted Saunders a continuing objection to that testimony. Thus, it cannot be said that the issue whether the settlement agreement should be rescinded or set aside was tried by the implied consent of the parties. See Rule 15(b), Ala.R.Civ.P. We interpret Cain's argument on appeal as addressing whether the trial court properly concluded that the settlement agreement was unambiguous and was due to be enforced.
A settlement agreement is as binding on the parties as any other *Page 894 
contract, and it will be enforced by the courts. Coaker v. WashingtonCounty Bd. of Educ., 646 So.2d 38 (Ala.Civ.App. 1993). A settlement agreement may be reopened only for fraud, accident, or mistake. Nero v.Chastang, 358 So.2d 740 (Ala.Civ.App. 1978). Where the terms of a written settlement agreement are clear and unambiguous, the terms of that agreement may not be varied by the introduction of parol evidence regarding a mutual mistake of fact. State Farm Mut. Auto. Ins. Co. v.Brackett, 527 So.2d 1249 (Ala. 1988). See also Marriot Int'l, Inc. v.deCelle, 722 So.2d 760 (Ala. 1998); Clark v. Albertville Nursing Home,Inc., 545 So.2d 9 (Ala. 1989).
 "[I]n the absence of fraud, a release supported by a valuable consideration, unambiguous in meaning, will be given effect according to the intention of the parties from what appears within the four corners of the instrument itself, and parol evidence may not be introduced to establish the existence of a mutual mistake of fact when the release was signed as a basis for a rescission of that release."
Cleghorn v. Scribner, 597 So.2d 693, 696 (Ala. 1992). Cain has made no allegation of fraud against Saunders.
Whether an agreement is ambiguous is a question of law to be determined by the court. Austin v. Cox, 523 So.2d 376 (Ala. 1988). An agreement is ambiguous if it is susceptible to more than one meaning. Bain v.Gartrell, 666 So.2d 523 (Ala.Civ.App. 1995). However, an agreement is not rendered ambiguous simply because the parties assign different meanings to it. Wayne J. Griffin Elec., Inc. v. Dunn Constr. Co., 622 So.2d 314
(Ala. 1993). Parol evidence regarding the terms of an agreement is admissible only where an ambiguity exists. F.W. Woolworth Co. v.Grimmer, 601 So.2d 1043 (Ala.Civ.App. 1992). In his brief on appeal, Cain makes no argument that paragraph 3 of the settlement agreement was ambiguous, nor does he argue that because the agreement was ambiguous, parol evidence was admissible to establish the alleged mutual mistake of the parties.
We agree with the trial court that paragraph 3 of the parties' settlement agreement is unambiguous. That provision clearly identifies the consideration, i.e., the life-insurance policies, that Saunders would provide to Cain. Because the parties' settlement agreement was not ambiguous, parol evidence was not admissible to alter the terms of that agreement. Cleghorn v. Scribner, supra; F.W. Woolworth Co. v. Grimmer, supra.
We conclude that the trial court correctly determined that the parties' settlement agreement was unambiguous and that, therefore, it was due to be enforced without regard to parol evidence regarding the parties' intentions or understandings in entering into the settlement. We recognize that the result reached in applying the parol-evidence rule might not always seem equitable where a mutual mistake inures to the benefit of one of the settling parties at the expense of the other. However, in this case, both parties were represented by counsel and each had ample opportunity to draft the settlement agreement in a manner to fully protect his rights.
Cain also makes two brief arguments regarding § 8-1-23, Ala. Code 1975, and § 8-1-40, Ala. Code 1975. However, Cain did not make these arguments before the trial court. An appellate court may not hold a trial court in error in regard to theories or issues not presented to that court. Smith v. Equifax Servs., Inc., 537 So.2d 463 (Ala. 1988); Boshellv. Keith, 418 So.2d 89 (Ala. 1982). An issue may not be raised for the first time on *Page 895 
appeal. Andrews v. Merritt Oil Co., 612 So.2d 409 (Ala. 1992).
There is no argument properly before this court that the trial court improperly heard or considered the parol evidence regarding the parties' intentions in entering into the settlement during the course of their mediation. We note that it is clear that, in reaching its judgment, the trial court did not consider that evidence; the trial court stated during the June 14, 2000, hearing that it would not consider that evidence if it found the settlement agreement to be unambiguous.
It is not the function of this court to create arguments, or to perform legal research, for the appellant. McLemore v. Fleming, 604 So.2d 353
(Ala. 1992). We conclude that Cain has not established that the trial court's judgment was erroneous. Therefore, we affirm that judgment.
AFFIRMED.
Pittman, J., concurs.
Crawley, J., concurs in the result.
Yates, P.J., and Murdock, J., dissent.