THOMPSON, Presiding Judge.
Kimberly Darlene Holmes (“the wife”) and Christopher Ray Holmes (“the husband”) were divorced by a November 3, 2006, judgment of the trial court. The divorce judgment incorporated a settlement agreement reached by the parties. Pursuant to the divorce judgment, the parties were awarded joint legal custody of their two minor children, and the wife was awarded primary physical custody. The husband was awarded visitation with the children, and he was ordered to pay monthly child support. The divorce judgment also ordered the division of the parties’ marital property and contained a provision requiring the husband to pay the wife periodic alimony.
On February 21, 2007, the wife filed a petition for a rule nisi in which she sought to have the husband held in contempt for his failure to pay the child support, periodic alimony, and other obligations set forth in the November 3, 2006, divorce judgment. In her petition for a rule nisi, the wife sought a determination of the alleged arrearages, a judgment for those arrearag-es, and an award of an attorney fee. The husband answered, contending that he was unable to pay the amounts required by the divorce judgment. The husband also filed a counterclaim in which he sought a recalculation of his child-support obligation and a suspension of his periodic-alimony obligation. During the hearing in this matter, the husband sought a reduction of his periodic-alimony obligation.
On February 1, 2008, the trial court entered a judgment finding the husband to be in contempt for each failure to pay child support, periodic alimony, and some other obligations imposed by the divorce judgment. The trial court imposed a sentence of 5 days in jail for each of the 18 separate findings of contempt; thus, the husband’s contempt sentence totaled 90 days of incarceration. In that part of its judgment pertaining to the contempt sentence, the trial court ordered the husband to spend a weekend in jail in February 2008, and it stated that it would conduct a March 14, 2008, review hearing in order to consider the dates on which the husband would be incarcerated on the remainder of the contempt sentence. In its February 1, 2008, judgment, the trial court also determined the amounts of the husband’s arrearages, entered a judgment in favor of the wife on those amounts, and awarded the wife an attorney fee. In addition, the trial court denied the husband’s counterclaims seeking the modification of his child-support and periodic-alimony obligations; in doing so, the trial court found, among other things, that the provision of the divorce judgment providing for the payment of periodic alimony constituted a nonmodifiable integrated bargain.
The husband filed a postjudgment motion and a motion seeking a stay of his contempt sentence. The trial court denied those motions. The husband timely appealed.
On March 13, 2008, after the trial court’s denial of the husband’s postjudgment motion and before the husband appealed (and one day before the review hearing scheduled for the consideration of the additional days of incarceration the husband would serve on the contempt sentence), the trial court entered a “consent order on modification” (“the consent judgment”) that incorporated a settlement agreement reached by the parties. Pursuant to the consent judgment, the husband paid the wife $25,000 as satisfaction of the various arrearages imposed in the February 1, 2008, judgment, and the issue of the husband’s serving the remaining 88 days of the contempt sentence was suspended on the condition that the husband comply in *669 the future with the terms of the divorce judgment.
As an initial matter, we note that the wife argues that the February 1, 2008, judgment is nonfinal because, she says, the judgment did not fully address the contempt claim. The wife contends that the fact that the trial court reserved for later consideration the determination of when the husband would serve the remaining 88 days of the contempt sentence rendered the judgment nonfinal. We disagree. “An appeal ordinarily will lie only from a final judgment — i.e., one that conclusively determines the issues before the court and ascertains and declares the rights of the parties involved.” Bean v. Craig, 557 So.2d 1249, 1253 (Ala.1990). In its judgment, the trial court found the husband to be in contempt, and it sentenced him to 90 days’ incarceration. Thus, that judgment determined all the issues pertinent to the contempt claim. The determination of dates on which the husband was to serve his contempt sentence is a matter of administering the February 1, 2008, judgment; the failure to specify each of the dates the husband was to be incarcerated does not render the February 1, 2008, judgment nonfinal.
The wife also argues that this court should “dismiss” the appeal because, she contends, the husband has shown no right to relief from the March 13, 2008, consent judgment. We need not reach the specifics of the wife’s argument, however, because we disagree with her assertion that the husband is appealing any issues addressed in the March 13, 2008, consent judgment. On appeal to this court, the husband argues that the trial court erred in finding that the provision of the divorce judgment requiring him to pay periodic alimony constituted an integrated bargain that is not subject to modification. The husband does not challenge the trial court’s determination of and judgment on the various arrearages contained in the February 1, 2008, judgment, and he does not seek to overturn the March 13, 2008, consent judgment requiring that he pay those arrearages. We note that our holding in this appeal does not impact the husband’s obligations pertaining to the ar-rearages established in the February 1, 2008, judgment and addressed in the March 13, 2008, consent judgment. Accordingly, we address the merits of the issue the husband raises on appeal.
This court has explained that periodic-alimony provisions of a divorce judgment are subject to modification pursuant to § 30-2-55, Ala.Code 1975, even if the divorce judgment incorporated an agreement of the parties.
“When an agreement between the parties provides for the payment of periodic alimony, and this agreement is adopted by the court in its decree, the provision for periodic alimony becomes merged into the decree and thereby loses its contractual nature, at least to the extent that the court has the power to modify it when changed circumstances so justify. Block v. Block, 281 Ala. 214, 201 So.2d 51 (1967). See Oliver v. Oliver, 431 So.2d 1271 (Ala.Civ.App.1983). No agreement of the parties can remove the court’s power to so modify the judgment. Block, supra”
Kirkpatrick v. Smith, 500 So.2d 8, 11 (Ala.Civ.App.1986). However, when a provision addressing periodic alimony constitutes an integrated bargain between the parties, the alimony obligation may be modified by the trial court only with the express consent of the parties. DuValle v. DuValle, 348 So.2d 1067, 1069 (Ala.Civ.App.1977); see also Gignilliat v. Gignilliat, 723 So.2d 90, 92 (Ala.Civ.App.1998) (“Alimony obligations determined as part of an ‘integrat *670 ed bargain’ agreement cannot be modified without the consent of both parties.”).
In explaining the distinction between modifiable periodic-alimony awards and nonmodifiable integrated bargains providing for the payment of periodic alimony, this court has stated:
“Agreements by which both property rights and rights of support and maintenance are settled consist of two categories. In the ‘severable combination’, although both types of rights are fixed, the provisions as to each are severable and distinct so that the amount of alimony initially agreed upon by the parties may thereafter be modified by the trial court.
“In the ‘integrated bargain’ category of agreement, the amount of alimony to be paid for support and maintenance has been established by the parties by taking into account the property settlement features of the agreement. In other words, ‘ “integrated bargain” agreements [provide] for both support and division of property, but with the entire provision for one spouse being in consideration for the entire provision for the other, so that the support and property terms are inseparable.’ 61 A.L.R.8d 520, 529. Alimony payments thus established may not thereafter be modified by the court without the consent of both parties.
“The rationale for the latter principle is clear. The parties have agreed that the support payments and the provisions relating to the division of property are reciprocal consideration. To modify the alimony provision might drastically alter the entire character of the property settlement agreement to the detriment of one of the parties. Hence, the trial court may not modify the alimony provision of the ‘integrated bargain’ without the consent of both parties. See Plumer v. Plumer, 48 Cal.2d 820, 313 P.2d 549 (1957); Fox v. Fox, 42 Cal.2d 49, 265 P.2d 881 (1954); Movius v. Movius, 163 Mont. 463, 517 P.2d 884 (1974).”
DuValle v. DuValle, 348 So.2d at 1069.
The determination whether an agreement of the parties that is incorporated into a divorce judgment constitutes an integrated bargain “depends upon the intention of the parties.” Kirkpatrick v. Smith, 500 So.2d at 11. Parol evidence pertaining to the intentions of the parties is admissible only when the agreement is susceptible to more than one interpretation, i.e., when it is ambiguous. Gillmann v. Gillmann, 497 So.2d 163, 165 (Ala.Civ.App.1986) (“If a written agreement is so ambiguous that intent cannot be determined on its face, then evidence outside the agreement should be permitted by the trial court to determine that intent.”); see also Oliver v. Oliver, 504 So.2d 308, 309 (Ala.Civ.App.1987) (parol evidence regarding the intent of the parties in entering into the settlement agreement is admissible if the agreement is ambiguous); and Lowe v. Lowe, 495 So.2d 1123, 1126 (Ala.Civ.App.1986) (same).
In its February 1, 2008, judgment, the trial court found that the provision of the divorce judgment pertaining to periodic alimony was “clear and unambiguous.” Based on that determination, the trial court refused to allow the husband to present parol evidence regarding the parties’ intent in entering into the settlement agreement that was incorporated into the divorce judgment.
“Whether an agreement is ambiguous is a question of law to be determined by the court. Austin v. Cox, 523 So.2d 376 (Ala.1988). An agreement is ambiguous if it is susceptible to more than one meaning. Bain v. Gartrell, 666 So.2d 523 (Ala.Civ.App.1995). However, an agreement is not rendered ambiguous *671 simply because the parties assign different meanings to it. Wayne J. Griffin Elec., Inc. v. Dunn Constr. Co., 622 So.2d 314 (Ala.1993). Parol evidence regarding the terms of an agreement is admissible only where an ambiguity exists. F.W. Woolworth Co. v. Grimmer, 601 So.2d 1043 (Ala.Civ.App.1992).”
Cain v. Saunders, 813 So.2d 891, 894 (Ala.Civ.App.2001). Accordingly, the trial court correctly disallowed the husband’s offered evidence on the issue of the parties’ intent in entering into the settlement agreement only if the provision of the divorce judgment requiring the husband to pay periodic alimony was not ambiguous with regard to whether it constituted an integrated bargain.
The November 3, 2006, divorce judgment provides, in pertinent part:
“6. PERIODIC ALIMONY
“A. The Husband shall pay to the Wife, as peri,odie alimony, the sum of One Thousand Six Hundred Ninety one Dollars ($1,691) per month. Said payments shall begin on the first (1st) day of October 1, 2006, and shall continue due and payable on the first (1st) day of each month thereafter in consecutive months until such time as the Wife shall die, remarry, or it otherwise terminates as provided by law.
“B. The parties acknowledge that the agreement for the payment of periodic alimony by the Husband to the Wife is an integrated bargain; and, as such is fixed and non-modifiable, with the parties intending herein to finally settle all claims of rights of spousal maintenance and support pursuant to their divorce. The parties acknowledge and signify that it is their express intent and agreement that the provision herein contained for the payment of periodic alimony by the Husband to the Wife shall not hereafter be modifiable by either party, for whatever reason or circumstance. The agreement herein reached fully and finally establishes the obligation of the Husband to the Wife to provide towards her support and maintenance.”
In arguing that the trial court erred in determining that that part of the divorce judgment pertaining to periodic alimony is unambiguous, the husband cites, among other cases, DuValle v. DuValle, supra. In that case, the wife sought to modify the parties’ divorce judgment, which had incorporated a settlement agreement reached by the parties; the wife sought an increase in the amount of her monthly periodic alimony. The husband contended that the periodic-alimony provision was not subject to modification because it constituted an integrated bargain. The trial court granted the husband’s motion to dismiss, but this court reversed, holding that the parties’ settlement agreement was ambiguous and that the trial court erred in dismissing the action without allowing the wife to present evidence regarding the intent of the parties in entering into their settlement agreement. DuValle v. DuValle, supra. The DuValle court explained:
“Numerous factors indicate the payments are alimony, payments for support and maintenance, as opposed to payments in the nature of a property settlement. The agreement is not termed a ‘property settlement.’ There is no provision binding the husband’s estate.... Language in the agreement which indicates that the wife intended to relinquish all claims against her husband or that the payments were in lieu of her property rights or interest in her husband’s property is absent.... No deposit of property was required by the husband to insure that he could continue the monthly payments to the wife.... There is no indication that the *672 parties intended the agreement to constitute a final settlement of all property rights between them.... Additionally, the payments were to terminate in the event of appellant-wife’s remarriage, and they were specifically denoted ‘alimony’ by the parties.”
348 So.2d at 1069-70.
The husband argues that the trial court erred in determining that that part of the settlement agreement pertaining to periodic alimony is unambiguous because, he contends, the provision is not the type of integrated-bargaining provision envisioned in DuValle v. DuValle, supra. In support of his argument that the provision of the divorce judgment providing for periodic alimony is ambiguous, the husband points out that that provision specifies that the periodic-alimony obligation shall terminate pursuant to a condition set forth in § 30-2-55, Ala.Code 1975 — i.e., if the former wife remarries — but also that it states that the parties intended that it be nonmodifiable as an integrated bargain. He also contends that there is no indication from the language of the alimony provision that issues pertaining to the parties’ property division were considered. See DuValle v. DuValle, 348 So.2d at 1069; see also Gillmann v. Gillmann, 497 So.2d at 165 (“The agreement contains no language which indicates that the parties intended the agreement as a final settlement of all then-claims for property rights and rights of maintenance and support.”).
This court has held in a number of cases that a provision of a settlement agreement incorporated into a divorce judgment was ambiguous as to whether it constituted a modifiable periodic-alimony obligation or an integrated bargain. Gignilliat v. Gignilliat, supra; Drescher v. Drescher, 621 So.2d 304 (Ala.Civ.App.1993); Kirkpatrick v. Smith, supra; Lowe v. Lowe, supra; and Oliver v. Oliver, supra. Those cases considered many of the factors set forth in DuValle v. DuValle, supra.
In Kirkpatrick v. Smith, supra, a provision contained in the parties’ settlement agreement and incorporated into the divorce judgment stated that monthly payments to the wife were periodic-alimony payments to be made for the support and maintenance of the wife and that they were to cease upon the wife’s death. The settlement agreement also stated that the “‘[wjife accepts the foregoing in full and final settlement and satisfaction of [the hjusband’s obligations and liabilities to her ....’” 500 So.2d at 12. This court held that the settlement agreement was ambiguous and that the trial court’s entry of a summary judgment in favor of the husband was inappropriate.
In Lowe v. Lowe, supra, the parties’ settlement agreement specified that the wife would receive monthly periodic alimony, that the amount of alimony would be reduced if the wife remarried, but that it would be reinstated if the wife again divorced. Another provision of the settlement agreement related the wife’s receipt of periodic alimony to her percentage share of the husband’s business. During a hearing on the wife’s petition for a rule nisi, the trial court sustained the husband’s objections to the wife’s attempts to submit parol evidence regarding the parties’ intent in entering into the settlement agreement. This court concluded that the settlement agreement was ambiguous, and it reversed the trial court’s judgment. Lowe v. Lowe, 495 So.2d at 1126-27.
In Oliver v. Oliver, supra, the trial court received ore tenus evidence on the issue whether the provision contained in the parties’ settlement agreement and incorporated into the trial court’s divorce judgment constituted a modifiable periodic-alimony obligation or an integrated bargain. The trial court entered a judgment modifying *673 the alimony provision, and this court affirmed, concluding that the evidence, which was not set forth in the opinion, supported the trial court’s decision. In reaching its holding, this court did not specifically determine that the settlement agreement was ambiguous. However, this court stated:
“In the absence of an express and conclusive declaration in the agreement, the determination of whether the payment of alimony set out is a part of an entire property settlement or integrated bargain must be made from evidence of the intent of the parties. That intent, as in the case of any agreement not clear on its face, must be determined by reading the agreement in the light of the surrounding circumstances and the situation of the parties at the time of the execution.”
Oliver v. Oliver, 504 So.2d at 309.
The husband has cited a number of factors that indicate that the settlement agreement in this case provided for a periodic-alimony provision that would be modifiable pursuant to § 30-2-55, Ala. Code 1975. However, the settlement agreement incorporated into the divorce judgment also contains “an express and conclusive declaration” that it constitutes a nonmodi-fiable integrated bargain. Oliver v. Oliver, 504 So.2d at 309. The express declaration that the provision is an integrated bargain is in direct conflict with the statement that the award is one for periodic alimony and subject to modification under certain circumstances. We conclude that the provision at issue is susceptible to more than one interpretation and, therefore, that it is ambiguous. Cain v. Saunders, supra. Accordingly, we must hold that the trial court erred in disallowing parol evidence on the issue of the parties’ intent in entering into that agreement. As discussed earlier, nothing in this opinion, however, affects the arrearages established in the February 1, 2008, judgment or enforced in the March 13, 2008, consent judgment. We reverse the February 1, 2008, judgment insofar as it determined that the provision of the parties’ settlement agreement pertaining to periodic alimony was unambiguous, and we remand the cause to the trial court for it to conduct further proceedings consistent with this opinion.
The wife’s request for an attorney fee on appeal is denied.
REVERSED AND REMANDED.
PITTMAN, THOMAS, and MOORE, JJ., concur.
BRYAN, J., dissents, without writing.